THE MAYOR &c. OF THE CITY OF NEW YORK *vs.* HENRY W. GENET.

A complaint alleged that the defendant had drawn and received from the comptroller of the city of New York a very much larger sum than was due for services, labor and materials necessary for, and which had been rendered and furnished in and about the construction and erection of a court house. The answer denied this allegation. *Held,* that an issue was thus presented which would probably involve the items of the accounts for labor and materials expended and used in the erection of said building; and hence the action was one which the court was fully authorized to refer, under section 271 of the Code.

*Held, also,* that although the action was not upon an account, yet the trial of the issue would involve "the examination of a long account," which made the cause a referable one.

The Code, however, does not *require* such an action to be referred. The court may try it, if it pleases, and a trial without the reference is not erroneous.

The issue in a cause was joined in July, 1874. It was upon the calendar of the Circuit Court, for trial, in December, 1874. The defendant, instead of moving that court, before the judge holding such circuit, moved, in another branch of the same court, before another judge, to take the cause from the trial court and send it to a referee. And this motion was delayed until after preparation for the trial had been made, and the plaintiffs were presumably ready with their witnesses, and the cause was on the day calendar for trial. *Held,* that to order a reference under these circumstances, would be to encourage delay, and the motion was therefore properly denied.

APPEAL from an order of the Special Term denying a motion made by the defendant for a reference.

*Oliver W. West*, for the appellant.

*John E. Parsons*, for the respondents.

*By the Court*, WESTBROOK, J. The gravamen of the complaint in this action is, that the defendant has drawn and received from the comptroller of the city of New York, a very much larger sum of money than "was due for services, labor and materials necessary for, and which had been rendered and furnished in and about the construction and erection of a court house and place for the detention of prisoners, within the limits of the Ninth Judicial District of the city of New York." The answer denied this allegation. An issue is thus fairly presented, which will probably involve the items of the accounts for labor and materials expended and used in the erection of said building. It was, therefore, a cause which the court was fully authorized to refer, under section 271 of the Code. It is true the action was not upon an account, but the trial of the issue, doubtless, involves "the examination of a long account," which makes the cause a referable one ; and that the opinion at Special Term concedes.

The Code, however, does not require such an action to be referred. The court may try it, if it pleases, and the trial without the reference is not erroneous. The issue in this cause was joined in July, 1874. It was upon the calendar of the Circuit Court for trial in December, 1874, and the judge holding such court had full power over it. Instead, however, of moving that court, upon the calendar of which it was placed for trial, the defendant moves in another branch of the same court, before another judge, to take it from the trial court and send it to a reference ; and this motion is delayed until the cause is on the day calendar for trial. The plaintiffs are presumed to be ready with their witnesses, the defendant by no movement or notification undeceives, and after

preparation for the trial is made, the motion for a reference is unexpectedly sprung upon them. It would, it seems to us, encourage delay if the discretion of the court had been exercised in favor of the defendant, and for that reason the reference was properly denied.

An order should be entered affirming the decision of the Special Term, with $10 costs, besides disbursements, but without prejudice to the right of the trial court to make such a disposition of the action as it may see fit to do.(*a*)

Ordered accordingly.

[FIRST DEPARTMENT GENERAL TERM, at New York, May 3, 1875. *Brady, Daniels* and *Westbrook,* Justices.]

(*a*) *S. C.,* reported very briefly, 4 *Hun,* 658.