# SUPREME COURT.

## The People of the State of New York agt. Linus Jones Peck, George Talbot and William McCrae.

*Reference — action to recover for overpayments on written contracts — when will be referred — Pleading — Complaint — allegations necessary to present question of fraud — Answer.*

Goods sold and delivered, and work, labor and services performed, are matters of account, whether their value is fixed by an agreement, verbal or written, or is to be ascertained by proof; and a suit brought to recover either their original or their market value, when the allegation is that it is unpaid or one brought to recover payments in excess of such value is ordinarily and generally an action founded upon a contract and is referable.

A complaint in an action brought to recover a certain amount of overpayments made by the state to the defendants for services done and performed and materials furnished under the written contracts, which fixed the price to be paid for such labor and materials, although it avers that the defendants have made a false statement or have presented a false certificate, or received more than was their due, fails to charge fraud in procuring the excessive payments, and must be deemed one *ex contractu* to recover excessive payments for work, labor and materials, which payments were made in the belief that false representations and false certificates were true, and as it confessedly invokes an examination of a long account, is a proper case for a reference.

*It seems,* that if the complaint had averred that the defendants had *knowingly* made a false statement and *knowingly* presented a false certificate, and *knowingly* received more than was their due, the issue of fraud would have been presented, and the action would have been one for a *tort* or wrong, and, consequently, could not be referred.

*Albany Circuit, May,* 1879.

Motion by plaintiffs to refer the above entitled cause, which is on the calendar of the circuit for trial.

*A. Schoonmaker, Jr.,* attorney-general, for plaintiffs.

*A. P. Lansing* and *G. C. Greene,* for defendants.

WESTBROOK, *J.* — This action is brought to recover $87,891,25, the amount of overpayments made by the state to the defendants, for services done and performed and materials furnished by such defendants, for the Buffalo State Asylum for the Insane, under two written contracts, which fix the price to be paid for such labor and materials. The complaint states the amount of work and quantity of material paid for, and the sums of money paid on account thereof at various times, and also what it avers was the true amount of work done, and quantity of material furnished, and the sums which the defendants were entitled to receive on account thereof, and it demands judgment for the before mentioned sum of $87,891.25, with interest from January 1, 1877.

The answer admits that the defendants were paid by the plaintiffs the sums of money charged in the complaint, and that such payments were for the quantum of work and material also therein set forth; but it alleges, among other things, "that the same, and every part, were justly due the said defendants for the materials so as aforesaid furnished, and labor so as aforesaid performed under the said contract respectively."

From this statement it is apparent that one question, at least, which the pleadings present, is : How much work was done, and materials furnished? There is no dispute as to the sums of money received, but the amount of work done, and quantity of material furnished, are the disputed points, and the plaintiffs must show them to be less than paid for, or fail in the action. That an action, which presents such an issue, for the purpose of recovering overpayments, must be one founded upon contract, unless other allegations in the complaint change its character, is too clear for argument; and it is equally clear that an investigation, which seeks to ascertain how much work has been done and materials furnished during a period of several months (it being conceded that such work was of great magnitude, and the quantity of materials very large), must be one involving a long account,

though the prices to be paid were controlled by written instruments. In other words, goods sold and delivered, and work, labor and services performed, are matters of account, whether their value is fixed by an agreement, verbal or written, or is to be ascertained by proof; and a suit brought to recover either their agreed or their market value, when the allegation is that it is unpaid, or one brought to recover payments in excess of such value, is ordinarily and generally an action founded upon a contract. It follows, then, that this action must be referred, unless other allegations in the complaint make it one for a tort or wrong, and whether or not it is one of that character will next be considered.

The counsel for the defendants claim that the complaint alleges that their clients procured the alleged excessive payments by fraud and, therefore, the issue of fraud is presented and must be established to entitle the plaintiffs to recover. There certainly is some language used which gives color to the argument, but a careful analysis of the complaint will show that the plaintiffs do not necessarily present that question. If it is true, that it is said the defendants " claimed, assumed and pretended " to have entered into certain contracts with the state, but it is not averred that such *pretense* was false, but on the contrary from the fact that each is called a " contract," and copies of both are appended to and made a part of the complaint and from the further fact that payments are declared to have been made thereunder, it is apparent that the pleader intended to aver the actual existence of such contracts, and not the contrary. So, too, when it is charged that the defendants " falsely pretended and procured false certificates from divers of the agents and managers of the Buffalo State Asylum for the Insane," it is not designed to be averred that it was a false pretense that they had such certificates, for then the allegation would be contradictory, as it is declared they did have them, but they were " false." What the pleader here evidently means is, that some of such agents and managers gave " false certificates " and such certi-

The People agt. Peck, Talbot and McCrae.

ficates being false, it was " falsely pretended " (falsely claimed) by the defendants that the amount specified thereby as due, was actually owing by the state to them.    It is also true that the complaint, after stating what sums of money the defendants should have received, declares " that the claim for any more was wholly fraudulent and fictitous and that the defendants, by false representations and the said false certificates and vouchers, unlawfully, and unjustly obtained and received the following sums from the treasury of this state," &c., &c., but it is equally clear that this is not good as an allegation of fraud in obtaining the money, because the conclusion that it was so obtained does not follow from the statement of facts.    The facts charged are, that the representations were false, and certificates were false, but it is not averred that the defendants knew them to be so ; and money obtained by a false statement is not fraudulently obtained, unless the party receiving it has a guilty knowledge.

As the complaint nowhere avers that the defendants have knowingly made a false statement, or knowingly presented a false certificate, or knowingly received more than was then due, it fails to charge fraud in procuring the excessive payments and hence this action must be deemed one *ex contractu* to recover excessive payments for work, labor and materials, which payments were made in the belief that false representations and false certificates were true ; and as, confessedly, it involves the examination of a long account, which the time of the court and the competency of a jury therefor alike forbid at the circuit, it follows that the motion for a reference must be granted.

NOTE. — The order of reference made in the action was, on appeal, affirmed both by the general term and the court of appeals.   [ED.