## SUPREME COURT.

### S. HOPKINS KEEP agt. LESTER KEEP.

*Reference — when should not be ordered — Long account.*

A reference should not be ordered where the issue is properly upon an
agreement and its performance, although upon the issue of performance
the plaintiff may be called upon to prove the payment of many items of
expense, as he cannot recover upon them.

Where there is an important question of fact to be determined before the
matter of the account will become one of importance, a reference
should not be ordered.

*Second Department, General Term, December,* 1879.

*E. New,* for respondent.

*P. & D. Mitchell,* for appellant.

BARNARD, *P. J.*— The complaint in this action avers that
the defendant, being the owner of certain premises in Brook-

lyn, agreed with his son, the plaintiff, that if he, the plaintiff, would pay all the household expenses during the life of defendant and his wife, and the life of the survivor, the premises should belong to the plaintiff.

The complaint further avers that the plaintiff expended over $5,000 in executing this contract when he was prevented from further execution by defendant giving a deed thereof to his second wife.

These averments are denied by the answer. The issue is, therefore, properly upon the agreement and its performance. If there was such an agreement, and it was performed, the plaintiff's case is made out without reference to the amount of the expenditure. The case is not one involving a long account. It involved no account in the sense which calls for a reference under the statute. It is true, that upon the issue of performance, the plaintiff may be called upon to prove the payment of many items of expense but he cannot recover upon them.

They are only incidentally involved and are not the thing for which the action is brought.

In case the action was technically referable, a reference should not be ordered, in view of the important question of fact to be determined before the matter of the account became one of importance. This question ought to be tried by a jury unless the parties consent to a reference. A compulsory reference should not have been ordered and the order should be reversed with costs and disbursements.