### WILLARD *v.* DORAN & WRIGHT CO., Limited.

(*Supreme Court, General Term, Third Department.* May 17, 1888.)

REFERENCE—WHEN GRANTED—MATTERS INVOLVING LONG ACCOUNTS.

An action to recover money lost at stock gambling under the guise of purchases
and sales of shares of stock and oil certificates, though covering many transactions
and numerous items, is not an action involving the examination of a long account,
within the meaning of Code Civil Proc. § 1013, providing for compulsory references.

Appeal from special term, Rensselaer county.

Action by William W Willard against the Doran & Wright Company, Lim-
ited, brought under the statute to recover money lost at stock gambling.   De-
fendant appeals from an order directing a compulsory reference.

Argued before LEARNED, P J., and LANDON and INGALLS, JJ.

*Edwin Countryman,* for appellant.   *George B. Wellington,* for respondent.

INGALLS, J    We feel constrained to differ with the learned justice at spe-
cial term in the conclusion which he reached in regard to the authority of the
court to direct a compulsory reference in this action.   Code Civil Proc. § 1013,
provides: "The court may, of its own motion, or upon the application of
either party, without the consent of the other, direct a trial of the issues of
fact by a referee when the trial will require the examination of a long ac-
count on either side, and will not require the decision of difficult questions
of law."   In *Townsend* v. *Hendricks,* 40 How. Pr. 143, decided by the court
of appeals, the court held that, to justify a compulsory reference to hear and
determine, the cause of action must arise upon contract, and involve the ex-
amination of a long account.   That decision has been adhered to, since it was
rendered, as controlling authority upon that subject.   *Kain* v. *Delano,* 11
Abb. Pr. (N. S.) 29.   In that case, Judge ALLEN remarks: "The constitu-
tion secures to parties a trial by jury in certain cases; and neither the court
nor the legislature can deprive them of that right, (Const. art. 1, § 2; *Town-
send* v. *Hendricks,* 40 How. Pr. 143;) and no action can be referred to trial
without the consent of the parties, except as authorized by statute."   The
character of the action must be determined by the complaint alone.   *Unter-
myer* v. *Beihauer,* 105 N. Y. 521, 11 N. E. Rep. 847.   The plaintiff will be
compelled to establish by evidence the facts alleged in his complaint in or-
der to recover, as the defendant has interposed an answer denying each and

every allegation of the complaint in regard to the cause of action.    The complaint and answer herein are as follows:

"SUPREME COURT, RENSSELAER COUNTY.    *William W. Willard* agst. *The Doran & Wright Co., Limited.*    The complaint shows, upon information and belief—*First,* That the defendant is a corporation of the class known as 'limited liability companies,' organized and existing under the laws of the state of New York; that the defendant's corporate title is ' The Doran & Wright Co., Limited;' that it, during the time hereinafter mentioned, has conducted business at Troy, Rensselaer county, state of New York.    *Second.* That heretofore, to-wit, from the 1st day of June, 1885, to the 1st day of July, 1887, the plaintiff made bets and wagers with the defendant on the future prices of shares of the capital stock of railroad corporations and other corporations, which said shares are dealt in at the Stock Exchange in New York city, and are there quoted daily; that said wagers were to be determined by the prices that should obtain for said shares at said exchange after said bets were made; that said plaintiff also made bets and wagers with the defendant, within said time, on the prices that should obtain at the sales, in the open market, of what is known as ' oil certificates.'    *Third.* That the said prices for said shares, and for said oil certificates, were each day telegraphed from the principal office of the defendant to its branch office at Troy, N. Y.    *Fourth.* That said bets were made under the guise of purchases and sales of said shares and said oil certificates; that in no case were there any 'of the shares of said stock, ·pretended to be bought or sold and delivered, and in no case was there any delivery of the said oil certificates pretended to be bought or sold, but in each and every case the pretended transaction was fictitious, and the pretended purchase or sale was settled between the plaintiff and the defendant according to the difference in the price of the shares or oil certificates at the time of the pretended purchase or sale and the price of the same at the time to close out the pretended transaction; that it was the intention of the plaintiff and the defendant that the pretended transactions should not be real, but that all transactions between the plaintiff and the defendant should be settled according to the fluctuations of the prices of said shares and oil certificates, without, in any case, the delivery of the thing pretended to be bought or sold.    *Fifth.* That said prices fluctuated from day to day: and that, when said bets were made, (or purchase or sale of stocks or oil, as was the guise of said bets,) the prices which should determine said bets and wagers were not known, but were chances, unknown and contingent events, and depended upon unknown and contingent events.    *Sixth.* That all of said bets and wagers have, before the commencement of this action, been fully determined. *Seventh.* That in all said bets and wagers the plaintiff lost, and the defendant won, large sums of money, which in the aggregate amount to $8,820.    *Eighth.* That said bets and wagers were unlawful under the laws of the state of New York governing the subject of betting and gaming; and, under said laws, the defendant is liable to the plaintiff for the sums paid to the defendant on said bets.    *Ninth.* That the plaintiff has, before the commencement of this action, paid to the defendant, upon the event of said wagers and bets, the said sum lost by the plaintiff, and won by the defendant, to-wit, the sum of eight thousand eight hundred and twenty dollars.    Wherefore the plaintiff demands judgment against the defendant for the sum of eight thousand eight hundred and twenty dollars, with interest from the commencement of this action, besides costs.    SMITH & WELLINGTON, Plaintiff's Attorneys.    Office and post-office address, 15 First street, Troy, N. Y.    [Verification.]"

"SUPREME COURT, RENSSELAER COUNTY.    *William W. Willard* agst. *Doran & Wright Company, Limited.*    The defendant above-named, appearing herein by J. Dana Jones, its attorney, and answering the complaint of the above-named plaintiff—*First,* admits that it is a corporation of the class known as 'limited liability companies,' organized and existing under the laws

of the state of New York, but alleges that its corporate title is 'Doran & Wright Company, Limited,' and not 'The Doran & Wright Company, Limited;' *second,* further answering the said complaint, the defendant denies each and every other allegation in the said complaint contained. Wherefore the defendant demands a dismissal of the said complaint, with the costs of this action. J. DANA JONES, Defendant's Att'y. Office and post-office address, 49 Broadway, New York city. [Verification.]"

The plaintiff by his complaint herein fails to state a cause of action upon contract, or to allege a long account between the parties, in the sense contemplated by said section 1013 of the Code, in order to justify a compulsory reference. *Camp* v. *Ingersoll,* 86 N. Y. 433. In that case, Judge FOLGER remarks: "An account between the parties is one made up of the dealings of the parties with one another." In *Silmser* v. *Redfield,* 19 Wend. 21, NELSON, C. J., says: "The statute authorizing the court to refer causes applies only to cases when accounts, in the common acceptation of that term, may exist, and may require examination." *Dederick* v. *Richley,* 19 Wend. 108; *Van Rensselaer* v. *Jewett,* 6 Hill, 373. The plaintiff's cause of action, gathered from the complaint, may be stated, briefly, as follows: That the parties engaged in a gambling enterprise, in violation of law, and the defendant won the plaintiff's money, and the latter seeks in this action to recover it back. It is very clear that, when the parties entered upon such scheme, there was no agreement, express or implied, to the effect that the party who won the money should return to the party who was unsuccessful the amount which he had lost. The plaintiff voluntarily parted with his money, and now seeks to recover the same, not by virtue of any contract, but by force of a statute which authorizes an action for that purpose. The allegations of the complaint cannot, we think, be successfully distorted into the statement of a cause of action upon contract, or the allegation of a long account between the parties, as the same is contemplated by the provision of the Code referred to, and as the same has been defined by the courts in the decisions. *Goodfellow* v. *Wolcott,* 12 N. Y. St. Rep. 620; *Untermyer* v. *Beihauer, supra.* In the last case, Judge RAPALLO remarks: "It has been repeatedly held that, where there is no account between the parties in the ordinary acceptation of the term, the cause cannot be referred, although there may be many items of damages." See, also, *Keep* v. *Keep,* 58 How. Pr. 139. To justify such a reference the account must also spring directly from the cause of action, and not arise collaterally or incidentally. The order must be revesedr, with costs to be paid by the plaintiff.