ANDRUS and another, Respondents, vs. THE HOME INSURANCE COMPANY OF NEW YORK, Appellant.

*February 21 — March 12, 1889.*

*Reference: Account: Insurance against fire.*

Where there is no *account* between the parties in the ordinary acceptation of that term, a reference cannot be directed, without the consent of the parties, merely because there may be many items of damage. So *held* in an action upon an insurance policy where, to ascertain the amount of the loss, it would be necessary to examine bills of sale, inventories, and accounts consisting of numerous items.

APPEAL from the Circuit Court for *Dane* County.

The case is sufficiently stated in the opinion.

*H. W. Chynoweth,* for the appellant, cited, besides cases referred to in the opinion, *Dean v. Empire S. M. Ins. Co.* 9 How. Pr. 69; *Lewis v. Irving F. Ins. Co.* 15 Abb. Pr. 303; *Batchelor v. Albany City Ins. Co.* 1 Sweeney, 346; *Samble v. Mechanics' F. Ins. Co.* 1 Hall, 560.

For the respondents there was a brief by *Luse & Wait,* attorneys, and *C. E. Estabrook,* of counsel, and oral argument by *L. K. Luse.* In addition to cases referred to in the opinion, they cited *Druse v. Horter,* 57 Wis. 644; *Cameron v. Freeman,* 18 How. Pr. 310; *M'Cullough v. Brodie,* 13 id. 346; *Kain v. Delano,* 11 Abb. Pr., N. S., 29; *Van Rensselaer v. Jewett,* 6 Hill, 373; *Thomas v. Reab,* 6 Wend. 503; *Levy v. Brooklyn F. Ins. Co.* 25 id. 687; *McLean v. East River Ins. Co.* 8 Bosw. 700; *Brink v. Republic F. Ins. Co.* 2 T. & C. 550; *Magown v. Sinclair,* 5 Daly, 63; *Seigel v. Heid,* 36 How. Pr. 506.

COLE, C. J. Was the court below right in refusing to order a compulsory reference in this case? The action is upon a policy of insurance upon a stock of drugs, paints, oils, medicines, stationery, books, wall-paper, and such

other merchandise as is usually kept in a retail country drug-store. The stock was wholly destroyed by fire within the life of the policy. The motion for the reference was founded upon affidavits which tended to show that it will be necessary to examine bills of sale, inventories, or accounts consisting of 1,200 or 1,500 items, to ascertain the amount of the loss of the assured. Does such a case come within the statute authorizing the court, without the consent of the parties, to direct a reference on the ground that the trial of the issue requires the examination of a long account on either side, within the meaning of sec. 2864, R. S.? It seems to us it does not. Though the examination of numerous items may be necessary to ascertain the amount of damage, yet that does not involve directly the examination of a long account. The value of the property destroyed is only collaterally involved as affecting the measure of damages. *Stacy v. M., L. S. & W. R. Co.* 72 Wis. 331. That case was an action for the negligent burning of the plaintiff's property. It was claimed the trial of the issues would involve the examination of a long account, and that a compulsory reference could be ordered. But the court overruled this position, holding that the value of the merchandise, lumber, and other property burned was only collaterally involved.

Substantially the same ruling was made in *Camp v. Ingersoll*, 86 N. Y. 433, which was an action upon an award for the failure of the defendants to deliver certain stock; and it was insisted that to ascertain the value of the stock the examination of a long account would be necessary. But the court say: "Though the examination of numerous items of damage may be involved, they do not constitute an account, technically and properly speaking, between the parties." An account implies dealings and transactions between the parties, and where the action is based upon such an account, which has to be examined and investigated in order

to settle the rights of the parties, a reference can be made. But it is where the action is based upon the account itself that a compulsory reference can be made. But it does not follow, because a variety of items has to be examined to ascertain the amount of damage recoverable, that the same rule obtains. There the examination of the account is merely an incidental matter, not the main issue in the cause. We therefore hold that the inquiry as to the list of articles or items destroyed by the fire, though it may be necessary and proper to determine the amount of loss or the damages recoverable on the policy, still, in a legal sense, does not require the examination of a long account, as where the action is upon the account itself, which is the real subject of investigation. This view of the law is sustained by the weight of authority in New York, where the question has arisen. In *Untermyer v. Beinhauer*, 105 N. Y. 521, the action was to recover damages for the breach of a building contract. The court held that neither the fact of the bill of particulars furnished by the plaintiff, nor the counterclaim in the answer which required the examination of a long account, made the action a proper one for a compulsory reference. The court say: "These items of damages did not constitute an account. It has repeatedly been held that where there is no account between the parties in the ordinary acceptation of the term, the cause cannot be referred, although there may be many items of damage. This rule has been applied in actions on policies of insurance where there are many items of loss." The cases of *Freeman v. Atlantic Mut. Ins. Co.* 13 Abb. Pr. 124; *Ryan v. Atlantic Mut. Ins. Co.* 50 How. Pr. 321; *S. C.* 66 N. Y. 628,— may be somewhat in conflict with this rule, but we think the law is correctly stated in *Camp v. Ingersoll* and *Untermyer v. Beinhauer, supra*. See, also, *Keep v. Keep*, 58 How. Pr. 139; *Dane v. Liverpool & L. & G. Ins. Co.* 21 Hun, 259; *Bell v. Mayor*, 11 Hun, 511.

In *Littlejohn v. Regents*, 71 Wis. 437, the court went as far as it has gone in any case to sustain a reference. The action was to recover the balance due on a building contract and for extra work and materials. The court held the issues might be referred, as the question what was due the plaintiff on the contract and for extra work and materials involved an accounting, which was the main issue. The cases of *Dane Co. v. Dunning*, 20 Wis. 210, and *Cairns v. O'Bleness*, 40 Wis. 469, are clearly distinguishable from the case before us. In those cases it would be absolutely necessary to examine the treasurer's accounts to ascertain the amount of the deficiency and to determine the extent of the liability of the sureties upon the official bond. In both cases the examination of the treasurer's account was a matter directly involved in the issue. But these decisions cannot apply here, where the issue is as to the amount and value of the merchandise destroyed by the fire. If a compulsory reference could be ordered in this cause, of course it could be ordered in every action on a policy of insurance where there were many items of loss. But, as we have said, the examination of the accounts or bills of sale is an incidental inquiry merely, to determine the amount of damages recoverable on the policy. We therefore think the reference was properly denied.

*By the Court.*— The order refusing the reference is affirmed.