DETERMINED IN THE

# FOURTH DEPARTMENT

AT

## GENERAL TERM

### November, 1889.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respond-
ENT, *v.* PALMER M. WOOD, Appellant.

*Reference — cannot be compelled, in an action against a public officer, under sections
1969, etc., of the Code of Civil Procedure.*

In an action brought by the people, in pursuance of the provisions of article 4 of
title 1 of chapter 16 of the Code of Civil Procedure, to recover several sums
of money alleged to have been wrongfully and illegally obtained by the defend-
ant from the county clerk of Herkimer county, it was alleged in the complaint
that the defendant was county clerk of Herkimer county, and had for several
years made out and presented to the board of supervisors his accounts and
claims for alleged services and money expended for the county, which were
audited and allowed by the said board of supervisors; that the sums allowed
were received by the defendant from the treasurer of the county; that each of
the said claims so presented was to a large extent illegal, false, fictitious and
fraudulent, in excess of the fees and proper charges allowed by law, and that
such board had no power or authority to audit the same, and that the defendant
had not restored any part of the money so received by him, and was justly
indebted to the plaintiff therefor.

Upon an appeal from an order directing a reference of the issues:

*Held,* that a claim that this was an action on contract and, therefore, referable,
could not be sustained.

That the plaintiff's rights of recovery in this action was not based upon any con-
tract, either express or implied, but was founded upon the right given by the
statute to recover from the defendant for the wrongful appropriation of moneys
to which he was not entitled.

That the action was one sounding in tort, and, therefore, the court was not
authorized to compel a reference.

*Townsend* v. *Hendricks* (40 How., 143–162) followed; *Town of Westchester* v. *Henderson* (24 Weekly Dig., 237); *Silver Mining Company* v. *Knowlton* (6 N. Y. St. Rep., 526); *People* v. *Peck* (57 How., 315) and *Mayor* v. *Genet* (67 Barb., 275) distinguished.

That the character of the action must be determined by the complaint, and that the answer could not change it.

That as there was no account between the parties, in the ordinary acceptation of that term, the action could not be referred, although there might be many items of damages.

Cases on this subject collated by MARTIN, J.

APPEAL by the defendant from an order made at the Herkimer Circuit and Special Term, referring the action to a referee to hear and determine the same, which order was entered in the office of the clerk of the county of Herkimer on the 15th day of April, 1889.

*A. M. Mills,* for the appellant.

*Thomas Richardson,* for the respondent.

MARTIN, P. J.:

The court had no authority to compel a reference of this action unless it was founded on contract and involved the examination of a long account. (*Townsend* v. *Hendricks,* 40 How., 143, 162.) Thus, at the outset, we are presented with the question whether this action was founded on contract, and if so, whether it required the examination of a long account. The character of the action in this respect must be determined by the complaint, and the answer cannot change it. (*Untermyer* v. *Beinhauer,* 105 N. Y., 521.)

This action was brought by the people, under and in pursuance of the provisions of article 4 of title 1 of chapter 16 of the Code of Civil Procedure, to recover several sums of money alleged to have been wrongfully and illegally obtained by the defendant from the treasurer of Herkimer county. The allegations of the complaint were, in substance, that the defendant was county clerk of Herkimer county; that he performed services and expended money for that county, for which he was entitled to reimbursement from the county, in the manner provided by law, through the audit of the board of supervisors; that, in each of the years, 1880, 1881, 1882, 1883, 1884, 1885 and 1886, he made out and presented to the board his account and claims for alleged services and money expended for the county;

that each of such bills was audited and allowed by the board of supervisors at the defendant's request; that, for the sums so allowed each . year, the defendant received one or more orders upon the treasurer of the county, which were paid out of the money of the county; that each of the claims or accounts so presented was to a large extent illegal, false, fictitious and fraudulent, in excess of the legal fees and proper charges allowed by law, and that said board had no authority or power to audit the same; that each of the many charges or items set forth in the complaint was either excessive or wholly illegal; that the amount thereof was illegally audited by such board, and was illegally paid to and received by the defendant on such bills or claims; that he had no lawful right to receive or retain the same or to convert it to his own use; that he has not restored any part of the moneys so illegally received by him, and is justly indebted to plaintiff therefor.

The respondent contends that this was an action on contract and, therefore, referable. It is not pretended that there was any express contract between the parties, or between the appellant and the county of Herkimer, but the claim is that there was an implied contract on the defendant's part to refund the moneys which were illegally and wrongfully obtained by him, and that this was an action on such implied contract. We cannot assent to this claim. The plaintiff's right of recovery in this action is not based upon any contract, either express or implied, but is founded upon a right given by statute to recover for the defendant's wrongful appropriation of moneys to which he was not entitled. We think it is quite manifest that the causes of action set out in the complaint were not on contract. The action was one sounding in tort, and, therefore, the court was not authorized to compel a reference. (*Townsend* v. *Hendricks, supra; Wickham* v. *Frazee*, 13 Hun, 431; *Willard* v. *Doran & Wright Co.*, 48 id., 402.)

The cases cited by the respondent, where the question of a compulsory reference was involved, are not, we think, so essentially in conflict with the views above expressed as to justify us in holding that this is an action on contract. In the case of the *Town of Westchester* v. *Henderson* (24 Weekly Dig., 237), which was an action by the town against its supervisor for moneys of the town received by him as such supervisor, it was held that it was an action

on contract and might be referred. In that case the moneys sought to be recovered were received by the defendant as the moneys of the town, and it was clearly intended by the parties that they should be paid out for or returned to the town. In such a case a contract to pay out or return such moneys may well be implied. In the *Silver Mining Company* v. *Knowlton* (6 N. Y. St. Rep., 526) it was held that "when it appears from the action that the defendant is rightfully in possession of money or property, either in a fiduciary capacity or otherwise, in accord with the provisions of an agreement, contract or arrangement made with the plaintiff, and an action is brought for an accounting," a reference may be ordered, although it is alleged that the defendant has converted or applied such moneys to his own use. While the cases of the *People* v. *Peck* (57 How., 315) and *Mayor* v. *Genet* (67 Barb., 275) more nearly sustain the contention of the respondent than any other to which our attention has been called, still, in the Peck case, the services performed and material furnished were performed and furnished under and in pursuance of two written contracts between the parties, and the issue in the case was whether, under those contracts, there was due the defendant the amount that had been paid him, and the Special Term held that the action was upon contract and ordered a reference therein. In the case at bar there was no such contract. In the Genet case a reference was denied, and the order was upheld on the ground that it was discretionary. Therefore, the remarks of the judge, as to the referability of the action, were clearly unnecessary to the decision of the case. Besides, the question whether the action was on contract was not, in fact, decided, and the account involved was one existing between the parties.

We have examined the other cases cited by the respondent as bearing upon this question, but do not think they sustain the doctrine contended for. We are of the opinion that, both upon principle and authority, it should be held that this is an action sounding in tort, and, therefore, not referable. The respondent has also cited numerous cases where the actions were on contract, but where there were insufficient allegations of fraud or conversion in the pleadings, and it was held that, notwithstanding such allegations, the actions were on contract. We do not think those authorities have any

important bearing upon the question here, as the complaint in this action shows that the action is one sounding in tort, independent of the allegation that the defendant's bills were fraudulent.

Moreover, there was no account between the parties in the ordinary acceptation of that term. The action was for money illegally and wrongfully obtained. Until the appellant has obtained the money no liability on his part existed. While it may be necessary on the trial to resort to the bills presented by the defendant to establish the amount of damages or loss sustained, still, the defendant's bills do not constitute an account between the parties. "It has repeatedly been held that, where there is no account between the parties, in the ordinary acceptation of the term, the cause cannot be referred, although there may be many items of damage. This rule has been applied in actions on policies of insurance where there were many items of loss." (*Untermyer* v. *Beinhauer*, 105 N. Y., 524; *Camp* v. *Ingersoll et al.*, 86 id. 433; *Claflin et al.* v. *Drake*, 38 Hun, 144; *Hyatt et al.* v. *Roach*, 52 How., 115; *Kain* v. *Delano*, 11 Abb. [N. S.], 36; *Read* v. *Lozin*, 31 Hun, 286.)

As was said by CLERKE, J., in *Sharp* v. *Mayor* (18 How. Pr., 216), the constitutional right of "trial by jury in all cases in which it has been heretofore used," cannot be too faithfully preserved; and compulsory references should be rigorously confined to cases involving the examination of a *bona fide* account in action on contract. Here is an action brought by the people charging the defendant with the misappropriation of public funds, with having charged illegal fees, acts involving great moral turpitude, and which, if committed, constitute a crime. He asks that the question, which is of such vital importance to him, shall be tried before a jury. We think that right should not have been denied him.

Order reversed, with ten dollars costs and disbursements.

MERWIN, J., concurred, on ground that the action was not on contract. PARKER J., concurred

Order reversed, with ten dollars costs and disbursements.