IMPORTERS' & TRADERS' NAT. BANK OF NEW YORK v. WERNER.

(Supreme Court, Appellate Division, First Department. November 16, 1900.)

1. REFERENCE—NECESSITY—RIGHT TO COMPEL.
   Under Code Civ. Proc. § 1013, providing for a compulsory reference where the trial will require the examination of a long account on either side, the plaintiff is not entitled to a compulsory reference, where, from the pleadings and motion papers, it appears that the only question involved is one between the plaintiff and another not a party to the action, and is only involved collaterally.

2. SAME.
   Under Code Civ. Proc. § 1013, providing for a compulsory reference, a reference cannot be had in an action brought on an express contract in no way involving such a question, which can be raised only in connection with an answer which sets up new matter tending to show payment.

Appeal from special term, New York county.

Action by the Importers' & Traders' National Bank of New York against Louis Werner. From an order granting plaintiff's motion for a compulsory reference, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, Mc-LAUGHLIN, and INGRAHAM, JJ.

Benjamin N. Cardoza, for appellant.
David Levy, for respondent.

HATCH, J. The order appealed from was granted upon the theory that the trial will require the examination of a long account, and was therefore justified by the statute. After careful examination of the questions presented and of the authorities, we are of the opinion that the order was improperly granted. The action is brought to recover upon a written contract of guaranty, which reads as follows:

"For value received by the undersigned from the Importers' and Traders' National Bank of New York, the undersigned promises and guaranties to said bank that it shall and will realize and receive from the securities now held by said bank as collateral security for the payment of the indebtedness and liabilities of Henry Werner to said bank the aggregate amount of twelve thousand two hundred and five dollars ($12,205), and interest on that amount from this date. Witness the hand and seal of the undersigned this 9th day of November, 1893.
"[Signed]                                                Louis Werner. [Seal.]"

It is alleged that the securities mentioned in the instrument were skins which were and had been held by plaintiff as collateral security for the indebtedness of said Henry Werner; that all of the skins so held were sold by the plaintiff with the consent of the defendant; and that the plaintiff realized therefrom the net sum of $5,125.53, which, with the additional sum of $1,500, paid from other sources, was applied to the indebtedness of said Henry Werner so secured, leaving a balance due the plaintiff of $5,579.47, with interest on the original indebtedness from the date of the contract, for which sum and interest plaintiff demands judgment. The answer admits the making of the contract, but denies that there is any sum due thereon. And it is alleged, among other things, that the skins mentioned were not all the security held by plaintiff under the agreement, but that it had, in addition thereto, 49 promissory notes, which are enumerated and described, and that some of the notes so held have been collected by plaintiff since the execution and delivery of the instrument upon which the action is based, and that the defendant "is unable, in the absence of an accounting by said plaintiff, to state the precise amount of the sums collected by the said plaintiff upon account of the notes,  *  *  *  and that the said defendant is entitled to an accounting by the said plaintiff as to all the securities held by the said plaintiff against the indebtedness of the said Henry Werner, and as to the amount collected by the said plaintiff upon account thereof," and, in effect, alleges what constitutes payment. The plaintiff's motion is based upon the complaint and answer and upon two affidavits, one made by its discount clerk, and the other by its attorney, to which was opposed

the affidavit of the defendant. The affidavit of the plaintiff's attorney is wholly formal, and states no facts tending to show that a long account is necessarily involved in the issues. Affiant quotes the allegations of the answer, hereinbefore quoted, as to the necessity for an accounting, and then alleges that "the only question involved in this case is one of fact; that is to say, as to the amounts that have been paid to, or received by, the plaintiff on account of the amount of said guaranty, or applicable thereto." The affidavit of the discount clerk tends to show that, in order to prove all the payments alleged in the answer to have been made or received on account of the guaranty and the disposition of and payment of the notes, it would be necessary to examine into many accounts and transactions between the plaintiff and defendant in respect to said notes, and that the testimony of deponent on that subject would necessarily involve the examination of a long accounting; and that it will be necessary, also, to go into an examination of a long accounting between the plaintiff and Henry Werner, for whose indebtedness the guaranty was given by defendant.

It is apparent from these statements, and the facts and circumstances disclosed by the pleadings, that the only accounts that could be involved are the accounts between the plaintiff and Henry Werner, who is not a party to this action, and whose accounts could only be involved collaterally. The defendant in his affidavit alleges that the real question at issue will be the question whether the other securities described in the answer were or were not held by plaintiff as collateral security, and were or were not included within the securities referred to in the guaranty; that, if it should be found that the securities referred to included the notes, there will be, as he believes, no dispute as to the sums collected by the plaintiff on account thereof, as he has no reason to doubt that the plaintiff's figures as to collections made upon account of said securities will prove correct, requiring only formal proof as to the amount thereof, and not the litigation of the separate items. The moving papers come far short of showing that the trial will necessarily require the examination of a long account, which is a prerequisite to the ordering of a compulsory reference against the objection of a party to the action; for, if the plaintiff's contention that the only securities contemplated by the guaranty were the aforesaid skins shall prove correct, then there will be no occasion for an examination of the items collected by the plaintiff on account of other securities. If, on the other hand, it shall appear that the securities included in the guaranty embraced the notes, then it appears that there is not likely to be a dispute as to the sums which plaintiff has received which should be applied upon the cause of action set out in the complaint. All the independent proof presented as to the probable course of the trial tends to show that it will not involve the examination of a long account, and under such circumstances the motion should have been denied. Section 1013 of the Code of Civil Procedure is a re-enactment of portions of section 271 of the Code of Procedure, but without change of meaning or effect.

Under the Code of Procedure it was held, in an early case in the

court of appeals (Kain y. Delano, 11 Abb. Prac. [N. S.] 29), that "the right of a trial, in the mode and by the tribunal prescribed by law, is a substantial right, and it does not rest in the discretion of the court to deprive a party of that right, or to compel him to submit to the trial of an action, except in the manner and in the forum authorized by law. The law only authorizes a compulsory reference of a single class of cases, viz. those actions in which the trial of an issue of fact will require the examination of a long account; and, when not referable under the statute, they must be tried either by a jury or by the court, unless the parties assent to some other form of trial." In this case, as in that, the plaintiff's affidavit states generally that the trial will require the examination of a long account, but does not state how or why this is so, and this statement is circumstantially and fully denied in the affidavit of the defendant. And in that case, as in this, the accounts were not between the parties to the action, and not the immediate object of the suit or ground of the defense, and it was there held that the statute does not authorize a compulsory reference when the accounts will arise and come in question collaterally. They must be the immediate object of the suit or the ground of the defense that is directly, and not collaterally or incidentally, involved.

As the making of compulsory references is an infringement upon the right of trial by jury, the courts in the application of the statute have been very careful not to so extend the rule as to include a case not clearly and unmistakably within the legislative intent. It is not necessary to discuss at length the authorities cited in briefs of counsel. We have examined them, and refer to a few of the leading cases.

In McAleer v. Sinnot, 30 App. Div. 318, 51 N. Y. Supp. 956, decided in the Second department of this court, Mr. Justice Bartlett, speaking of the affidavit of the plaintiff, said:

"There is no statement or intimation, however, that the different items of this proposed evidence are to be separately litigated, or that they are to be laid before the trial court for any purpose, except as a basis for a computation of the amount due the plaintiff. * * * To warrant a compulsory reference, however, facts must be disclosed 'from which the conclusion can fairly be drawn that so many separate and distinct items of account will be litigated on the trial that a jury cannot keep the evidence in mind in regard to each of the items, and give it the proper weight and application.' Spence v. Simis, 137 N. Y. 616, 33 N. E. 554."

The account to be examined must be the immediate object of the action or the ground of defense. It must be directly, not collaterally, involved. Camp v. Ingersoll, 86 N. Y. 433. The only account which can here be claimed to exist is one between the plaintiff and Henry Werner, the original debtor, and it can come in question only collaterally. It is not the immediate object of the action, as already pointed out. This case was followed in C. & C. Electric Co. v. Walker Co., 35 App. Div. 426, 54 N. Y. Supp. 810, and Loverin v. Lenox Corp., 35 App. Div. 263, 54 N. Y. Supp. 724.

And, finally, it has been held by the court of appeals in Steck v. Iron Co., 142 N. Y. 236, 37 N. E. 1, that:

"The question as to whether an action is referable without consent of both parties is to be determined from the complaint alone. If the cause of action there set forth is not referable without consent, and the same is put in issue, defendant is entitled to trial by jury, and the action is not made referable by anything set up in the answer."

The question determined in 142 N. Y. and 37 N. E., supra, was much like the one at bar, except that it was more favorable to the moving party. In that case the complaint set forth a cause of action on contract which was "gainsaid" or put in issue by the answer, which also set up counterclaims consisting of long accounts, and it was held that the ordering of a compulsory reference was error. In the case here under consideration the answer does not set up a counterclaim, but only new matter by way of avoidance, tending to show payment, and the only way in which an account can be involved is in connection with the latter plea. The action is brought on an express contract, and in no possible way can involve an account, within the meaning of the statute as construed by the courts. It is a case in which defendant is entitled to a trial by jury. Under these authorities, the granting of the order herein was error.

The order appealed from should be reversed, with $10 costs and disbursements to the appellant, and the motion denied, with $10 costs. All concur.