(113 N. W. 1038.)

---

E. H. DREVESKRACHT v. FIRST STATE BANK OF BALFOUR.
Opinion filed Nov. 20, 1907.

**Compulsory Reference — Long Account — What Showing will Warrant.**

1. A compulsory reference of an issue under the provisions of section 7047, Rev. Code 1905, is not permissible unless it appears that the trial of such issue will necessitate the examination of a long account between the parties.  It is not sufficient that it appears that the trial may involve the examination of a long account; but it must affirmatively appear that it will do so.

**Same.**

2. To authorize an order of reference upon the ground that the trial will require the examination of a long account within the meaning

of said statute, the account must be one arising between the parties, and must be directly, and not merely collaterally, involved in the trial.

**Same.**

3. Plaintiff seeks to recover a sum claimed to be due him for services performed under an alleged contract, by the terms of which he was to receive, in addition to a monthly allowance, 10 per cent of the net profits of defendant bank during his employment. The answer put in issue the terms of the contract, as stated in the complaint, and alleged that plaintiff was to receive 10 per cent commission on all net profits, over and above a 12 per cent dividend upon the defendant's capital stock, after charging off all losses and bad debts. The answer also alleged payment in full, and also contained the usual qualified denial of all allegations of the complaint not admitted, qualified or explained.

*Held,* that the issues thus raised did not justify the trial court in ordering a compulsory reference.

Appeal from District Court, McHenry county; *Goss, J.*

Action by E. F. Dreveskracht against the First State Bank of Balfour. Judgment for plaintiff, and defendant appeals.

Reversed.

*Lee Combs,* for appellant.

The account to be refered must be between the parties to the action; not between one and a third person. Keller v. Payne, 4 N. Y. S. 227; Continental Ins. Co. v. Phoenix Ins. Co., 8 N. Y. S. 524; Betcher v. Grant Co., 68 N. W. 163; Ewart et al. v. Koss, 95 N. W. 913; Kelly v. Oksall, 95 N. W. 915; Williams v. Benton, 24 Cal. 425; Grim v. Norris, 19 Cal. 140; Clarkson v. Hoyt, 36 Pac. 382; Silmser v. Redfield, 19 Wend. 21; Camp v. Ingersoll, 86 N. Y. 433; Van Rensselaer v. Jewett, 6 Hill, 373, 41 Am. Dec. 750; Thomas v. Reab, 6 Wend. 503; Untermyer v. Bernhauer, 11 N. E. 847; Thayer v. McNaughton, 22 N. E. 562; Wilson v. Union Distilling Co., 66 Pac. 170; McMartin v. Bingham, 27 Iowa, 234.

Only the issue as to the account can be refered. Williams v. Benton, supra; Seaman v. Mariani, 1 Cal. 336.

In equitable actions alone can compulsory reference be had; in actions at law, right of trial by jury cannot be violated. Con. of N. D., section 7, article 1; Lamaster v. Scofield, 5 Neb. 148; Williams v. Benton, supra; Smith v. Polack, 2 Cal. 92; Grim v. Norris, supra; McMartin v. Bingham, 27 Iowa supra; Camp v. Ingersoll,

86 N. Y. 433; District Township of Grant v. Bulles, 29 N. W. 439; Dacres v. Oregon R. & Nav. Co., 20 Pac. 601; Plimpton v. Somerset, 33 Vt. 283; Isom v. Miss. Cent. R. Co., 36 Miss. 300; St. Paul, etc., R. R. Co. v. Gardner, 19 Minn. 123.

Where the right of trial by jury existed, when a state constitution was adopted, statute authorizing compulsory reference in a law action is unconstitutional. Steck v. Colorado Fuel and Iron Co., 25 L. R. A. 67; Whallon v. Bancroft, 4 Minn. 109; Flanders v. Warner, 55 N. H. 179; McCullough v. Brodie, 13 How. Pr. 346; Townsend v. Hendricks, 40 How. Pr. 143; Tribou v. Strowbridge, 7 Ore. 156; Mead v. Walker , 17 Wis. 189; Edwardson v. Garnhart, 56 Mo. 81; Lee v. Tillottson, 24 Wend. 327, 35 Am. Dec. 624; Mathews v. Tripp, 12 R. I. 258; Francis v. Beker, 11 R. I. 103, 23 Am. Rep. 424; Perkins v. Scott, 57 N. H. 55, 17 Enc. Pl. & Pr. 994.

*Turner & Wright,* for respondent.

The statute does not restrict the account to one of debits and credits. Rev. Codes 1905, section 7047.

Fisk, J. This is an appeal from an order of reference of all the issues arising on two causes of action in the complaint and two counterclaims contained in the answer; appellant assigning error in substance as follows: (1) That it was error to refer all the issues; (2) that there was no showing that an accounting between the parties was necessary, or that the action was a proper one for reference under section 7047, Rev. Codes 1905; (3) that section 7047 contravenes section 7 of the constitution, which guarantees trial by jury; and (4) that, conceding such statute to be constitutional, it merely authorizes references in cases formerly cognizable in courts of chancery.

The questions embraced in assignments 3 and 4 have been fully considered and disposed of in Smith v. Kunert, 115 N. W. 76, recently decided by this court; hence these assignments will not be further noticed. The view we take of this appeal renders a consideration of the first assignment also unnecessary, although it is practically conceded by respondent in his printed brief and argument that it was error to refer any of the issues except the one arising on plaintiff's first cause of action, the trial of which, it is contended by him, will involve the examination of a long account.

We will therefore turn our attention to appellant's second assignment, a proper consideration of which necessitates an examination of the issues framed by the pleadings of plaintiff's first cause of action. Do the pleadings disclose upon their face that the trial of such issue will require the examination of a long account upon either side? If not, then it is plain, as was held in Smith v. Kunert, supra, that the order appealed from was not authorized under the provisions of our Code (section 7047) relative to compulsory references. It is not contended that the order complained of was based on any showing aside from the pleadings themselves, that the trial of the issue would necessitate the examination of a long account.

Plaintiff's first cause of action is alleged in substance as follows: That plaintiff was employed by defendant between January 1 and November 15, 1902, at an agreed compensation of $65 per month and 10 per cent of the net profits earned by plaintiff during such employment; that such net profits amounted to $8,861, and that no part of such compensation other than the monthly salary had been paid. The answer admits such employment between the dates aforesaid, but alleges that the terms were a monthly salary of $60 and 10 per cent commission on the net profits of defendant bank over and above a 12 per cent dividend upon the capital stock of said corporation after deducting all losses and bad debts. Then follows an allegation of payment in full for such services and an acknowledgment in writing by plaintiff of such fact, after which the answer contains a denial of each allegation in said cause of action, except as theretofore admitted, qualified or explained. It will thus be seen that the denial last mentioned is the only portion of the answer which in any manner tends to raise an issue, the trial of which may necessitate the examination of any account. But the fact that the trial of an issue of fact may require the examination of a long account is not alone sufficient to authorize a compulsory reference, but it must affirmatively appear to the court that the trial will necessarily require the examination of a long account. Smith v. Kunert, supra; Ewart et al. v. Kass, 17 S. D. 220, 95 N. W. 915; Kelly v .Oksall, 17 S. D. 185, 95 N. W. 913; Andrus v. Home Insurance Co., 73 Wis. 642, 41 N. W. 956, 3 L. R. A. 271; Thayer v. McNaughton, 117 N. Y. 111, 22 N. E. 562. Furthermore, it must appear that the account to be examined is one directly involved and existing between the parties as distinguished from an account such as the one claimed to be involved

in the case at bar, arising between the defendant and third persons, and which at most is merely involved collaterally. Camp v. Ingersoll, 86 N. Y. 433; Betcher v. Grant Co., 9 S. D. 82, 68 N. W. 163; McAleer v. Sinnott, 30 App. Div. 318, 51 N. Y. Supp. 956; Bank v. Werner, 54 App. Div. 435, 66 N. Y. Supp. 996; Cassidy v. McFarland, 139 N. Y. 201, 34 N. E. 893; Spence v. Sims, 137 N. Y. 616, 33 N. E. 554; Keller v. Payne, 51 Hun. 316, 4 N. Y. Supp. 227; Kain v. Delano, 11 Abb. Pr. (N. S.) N. Y. 29. Nor does it necessarily appear from the pleadings that the trial will require a detailed examination of the entries in the defendant's books in order to arrive at its net profits. McAleer v. Sinnott, supra.

The case last cited was an action to recover a balance claimed to be due plaintiff for services as manager of defendant's liquor business. Plaintiff's compensation consisted of commissions on the amount of sales. The answer denied that the plaintiff's services were worth the amount alleged in the complaint, and alleged that the plaintiff had been fully paid, except a certain sum named. Upon the pleadings and an affidavit by the plaintiff, an order of reference was made, and, in reversing such order, the Supreme Court, through Bartlett, J., said: "The proof that the examination of a long account will be required in trying the issues presented upon the complaint is very meager. The plaintiff's affidavit indicates that he will be obliged to introduce evidence of several hundred distinct and separate sales upon which his commission must be computed, and that he will also be compelled to give proof of the delivery of about 125 different bills of goods upon which he claims commissions. There is no statement or intimation, however, that the different items of this proposed evidence are to be separately litigated, or that they are to be laid before the trial court for any purpose, except as a basis for a computation of the amount due the plaintiff in case his construction of the contract of employment is sustained. To warrant a compulsory order of reference, however, facts must be disclosed 'from which the conclusion can be fairly drawn that so many separate and distinct items of account will be litigated on the trial that a jury cannot keep the evidence in mind in regard to each of the items, and give it the proper weight and application when they retire to deliberate upon their verdict.' * * * The pleadings and affidavits on which the order below was granted indicate that the controversy be-

tween the parties really turns, first, upon the terms and construction of the contract between them; and, secondly, upon the question whether the plaintiff has violated the contract as alleged in the counterclaim. They do not satisfy us that the trial will require any such examination of a long account as is necessary to justify a reference of the issues by compulsion. 'Trial by a referee is an exceptional mode of judicial procedure, and, when it is sought to coerce a suitor into submission to it, the burden is upon the party applying for a reference to show by satisfactory proof that the case is within the excepted class.' Cassidy v. McFarland, 139 N. Y. 201, 34 N. E. 893." See, also, the case of Thornton v. Life Ass'n of America, 7 Mo. App. 544, which was an action by the plaintiff to recover salary and commissions from defendant insurance company, and which is directly in point in the case at bar. The court, after referring to the statute, which is the same as ours, said: "But, though in an action the examination of an account between the parties is in its nature referable if the account be long, the mere fact that a long account is involved which may have to be examined to establish some issue in the action will not make a case referable without consent.. The case must turn upon the adjustment of the items constituting the account. It was not the intent of the legislature, says Judge Bronson in Dederick's Adm'rs v. Richley, 19 Wend. (N. Y.) 110, to take away the right of trial by jury merely on the ground that the accounts and dealings of the parties might incidentally come in question. 'They intended to provide for those cases only where an account was directly involved in the issue, and where little was to be done beyond a proper adjustment of the dealings of the parties.' .'Though the quantity and value of the goods are necessarily involved,' says the court in Freeman v. Insurance Co., 13 Abb. Pr. (N. Y.) 125, 'yet it can hardly be said that such a claim involves the examination of an account. An account of one party against another is a series of charges for goods sold, etc., and is not merely introduced in evidence for the purpose of estimating damages, but is the foundation of the action.' "

For the foregoing reasons, we are of the opinion that the order appealed from was erroneous; and the same is accordingly reversed. All concur.