BETCHER V. GRANT COUNTY.

In an action against a county for rent of an office, where the only issues were whether defendant was liable, and the amount, the fact that certain books of record of the county might be used as evidence to prove defendant's liability did not require the examination of an account, within Laws 1891, Chap. 100, Sec. 2, authorizing a reference when the examination of a long account is required.

(Opinion Filed, July 15, 1896.)

Appeal from circuit court, Grant county. Hon. J. O. ANDREWS, Judge.

Action against the county of Grant for rent of a building occupied as an office by the register of deeds of such county. From an order sustaining a motion by plaintiff to send the case to a referee, defendant appeals. Reversed.

The facts are stated in the opinion.

*J. H. Owen* and *H. H. Potter*, for appellant.

Probative facts necessary to be proved to establish one's liability, do not constitute an account between the parties, whether proven by living witnesses or by records and documents from public offices. Spence v. Simis, 137 N. Y. 616, 33 N. E. 554.

*John W. Bell*, for respondent.

CORSON, P. J. This is an appeal by the defendant from an order referring the cause to a referee. The action was one at law, brought by the plaintiff to recover rent for a building occupied as an office by the register of deeds of the defendant county. The answer admitted that the defendant was a public corporation, and denied each of the other allegations of the complaint. The plaintiff moved the court to refer the case to a referee to try the issues of law and fact therein, and read in support of such motion an affidavit made by counsel for the plaintiff. The defendant resisted the motion, but the court granted the same, and the defendant duly excepted to the order

of reference made by the court. The affidavit states, in substance, that at a previous trial of the case the plaintiff gave in evidence the county commissioners' minute book, also a warrant book and certain stubs therein, and also a certain book purporting to be a record of the commissioners' proceedings, and that altogether more than 85 pages of public records were offered and received in evidence, as affecting the various items of the plaintiff's account against defendant in the action, and defendant's liability therein. Sec. 2, Chap. 400, of the Laws of 1891, providing for the reference of actions, reads as follows: "'When the parties do not consent, the court may, upon the application of either, or of its own motion direct a reference in the following cases: 1. When the trial of an issue of fact requires the examination of a long account on either side; in which case the referees may be directed to hear and decide the whole issue, or report upon any specific question of fact involved therein. 2. When the taking of an account is necessary for the information of the court before judgment, or for carrying a judgment or order into effect. 3. When it is necessary for the information of the court in a special proceeding." It is contended by appellant (1) that the order was improperly made under the law; (2) that the law itself is unconstitutional so far as it applies to actions at law. As we are of the opinion that the order was not authorized by the provisions of that section, a discussion of the constitutionality of the law will not be necessary at this time. Assuming, therefore, for the purposes of this decision that the law is constitutional, we think, before the court is authorized to make an order of reference without the consent of the opposing party, it must appear that the examination of a long account is necessary. By "account" as used in this section, is meant an account in the ordinary acceptation of that term, that is, charges and credits between the parties. The only apparent issue in the case at bar is as to whether or not the defendant was liable for the rent of the building and the amount. There is no counterclaim pleaded,

and there would seem to be no question of accounts involved in the case. The fact that certain books of records of the county might be used as evidence to prove the defendant's liability does not require the examination of a long account, or any account, within the meaning of that statute. It is often necessary to prove a number of probative facts in order to establish a party's liability, but these facts do not constitute an account between the parties, whether proven by living witnesses or by records and documents from public offices. Spence v. Simis, 137 N. Y. 616, 33 N. E. 554. Again, it is a serious question if the court on such a motion can look to anything but the pleadings to ascertain whether or not the examination of a long account is involved. And by pleadings we include any bill of particulars or items set out in the complaint or answer, or served upon proper notice of the parties. Steck v. Iron Co., 142 N. Y. 236, 37 N. E. 1; Untermyer v. Beinhauer, 105 N. Y. 521, 11 N. E. 847. But we do not deem it necessary to decide that question at this time, and we therefore express no opinion upon it. It is quite apparent that the learned circuit court took the view that the various county records constituted an account, within the meaning of the statute, but in taking this view we are of the opinion that the court committed error, and in referring the case to a referee without the consent of the defendant it acted without authority. The order of the circuit court is reversed.