THE ALLENTOWN ROLLING MILLS, Appellant, *v.* THOMAS DWYER, Respondent.

*Reference — when a long account is not involved — review of a denial of a motion to refer.*

Where a complaint states four causes of action, one to recover a definite sum alleged to be due upon a contract made by the plaintiff with the defendant, and the others to recover damages resulting from the defendant's alleged breach of the contract, the fact that the items which go to make up the alleged damages occasioned by the breach are numerous does not make the action one upon an account and, therefore, referable; and the defendant, who by his answer presents the general issue as to all the causes of action, is entitled to a trial by jury.

It is only in a very exceptional case that the Appellate Division will review the discretion of the court below in refusing to refer the issues in a common-law action.

APPEAL by the plaintiff, The Allentown Rolling Mills, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of December, 1897, denying its motion to refer the issues in the action.

*John Brooks Leavitt,* for the appellant.

*Charles J. Hardy,* for the respondent.

INGRAHAM, J.:

The plaintiff has appealed from an order denying an application made by it to refer the issues in this action to a referee for trial, and urges in support of its appeal that the court below erroneously applied the decisions of the Court of Appeals as to the character of actions which the courts have the power to refer. This question is one that has been much discussed in this State in view of the provision of the State Constitution of 1777, that "trial by jury in all cases in which it hath heretofore been used in the colony of New York, shall be established and remain inviolate forever" (§ 41), which has been continued in all the revisions of our Constitution since that time. The latest case in which the Court of Appeals has discussed the question is that of *Steck* v. *C. F. & I. Co.* (142 N. Y. 236). All the former cases were reviewed in the very able dis-

cussion of the question in the opinion of the court and the dissenting opinion of the chief judge, and we think the case clearly settles the rule which is to be applied in applications of this character. The conclusion to which the court arrived is stated by Judge Earl as follows: "If the plaintiff brings his action upon a long account, then it is such as was referable prior to 1777, and as the examination of a long account is required on his side, the defendant cannot defeat a reference by anything he may set up in his answer by virtue of the statutes allowing set-offs and counterclaims. If the plaintiff's cause of action be upon contract for a definite sum of money, or for damages, *ex contractu*, and his cause of action be not gainsaid by the defendant, and the defendant sets up a counterclaim which requires the examination of a long account, then the case is such as would have been referable under the act of 1768. But if in such actions the plaintiff's cause of action be disputed, then a case is presented which, prior to 1777, gave the parties the absolute right to jury trial, and that right cannot be taken away or destroyed by anything which the defendant may set up in his answer." This view was strenuously combatted by the dissenting opinion, but as it received the assent of a majority of the court, it is the rule which, I think, we are obliged to follow.

An examination of the complaint in this case shows that it alleges causes of action which are within the class in which the defendant had a right to a trial by jury. The action is brought to recover upon a contract, whereby the plaintiff agreed to furnish to the defendant all the metal work for the light and fog signal house at Spring Point Ledge, Portland harbor, Me., in accordance with the specifications for the building of such lighthouse, which specifications are made a part of the contract, for a specific sum of money, with a certain time fixed in the contract, and with a provision that should the defendant be subjected to a penalty under the terms of his contract for delay in the erection and completion of the said lighthouse, then the plaintiff would be responsible for so much of said penalty as should be caused by a failure on its part to do the work which it agreed to do within the time specified, and in such event the total of such amount was to be deducted by the defendant from the payment to be made by him to the plaintiff under the terms of the contract.

The complaint alleges four separate causes of action.    The first is to recover the balance unpaid of the sum provided for by the contract to be paid to the plaintiff for the performance of the contract. The second cause of action was to recover damages sustained by the plaintiff because of the failure of the defendant to have the ledge upon which the lighthouse was to be constructed properly leveled, as he had agreed to in his contract.    The third cause of action was to recover for the damages sustained by the plaintiff because of the delay in the completion of the contract arising by reason of the failure of the defendant to have the ledge upon which the lighthouse was to be built properly leveled, as in the second cause of action. The fourth cause of action was to recover $112 for demurrage on two scows, paid by the plaintiff at the defendant's request, and $8 for insurance on certain of the materials used in the contract.

A bill of particulars was furnished by the plaintiff setting forth the items of the fourth cause of action.    As to the first cause of action, the amount payable under the contract was stated, with one cash payment credited.    Under the second cause of action there was a statement of items of material and labor for replacing the lower part of a caisson which was destroyed, consisting of seven items aggregating $1,942.89.    The third cause of action was for a delay of eighty-four days at $10 per day, and the fourth cause of action consisted of two items — $8 insurance, and $112 for demurrage.

We have thus an action brought to recover, upon several causes of action, a definite sum of money under a contract, and for damages for a breach by the defendant of his contract with the plaintiff; and while the cause of action to recover damages for the breach of the contract consists of several items of damage, the cause of action is entire, and is not upon an account.    The cause of action involved here is to recover the damage sustained by a breach of a contract by the defendant, and the fact that the items going to make up the amount of damage that the plaintiff sustained are numerous, does not change the character of the action.    There is one contract made by the defendant which it is alleged he has broken.    The amount which he is liable for is the amount of damage that the plaintiff sustained in consequence of that breach; and the fact that the items which go to make up such damage are numerous does not make the action one upon an account.    As to the other three causes

of action there is nothing in any of them in the nature of an account. The answer of the defendant admits the contract, but denies the breach. It denies the performance of the contract by the plaintiff, and that there is anything due to the plaintiff under it. It admits that the plaintiff expended eight dollars for insurance on the cement, and denies the other allegations constituting the fourth cause of action, and sets up certain counterclaims. The defendant, therefore, substantially denies the allegations of the complaint as to the four causes of action, and raises the general issue as to those causes of action ; and upon the issues thus raised the defendant is entitled to a trial by jury.

We think, therefore, that the court was clearly right in holding that the action was not one which, in its nature, was referable. It is proper, however, that we should again state that it is a very exceptional case which would justify us in reviewing the exercise of the discretion of the court below in refusing to refer the issues in an action. The trial by jury in a common-law action is, under our system, the normal method of settling the issues of fact. The court is only justified in ordering a reference in such an action where it clearly appears that, in consequence of the nature of the proof necessary to sustain the plaintiff's cause of action, a trial by jury is not practicable; or when the plaintiff's cause of action is based upon an account involving many distinct items, each of which has to be proved; and where it is impracticable for a jury to scrutinize the evidence offered to establish each particular item of the account. Where an action is brought to recover for goods sold and delivered, which include many separate sales at different times, each one of them must be proved, and the value of the goods sold ascertained, it is quite apparent that a trial by jury would be impracticable, as it would be impossible for the jury to carry in their minds the evidence as to the sale and delivery of each particular lot of goods sold and the value thereof. Many other instances could be adduced of a cause of action which involves the examination of an account, with the proof of many items, when each item must be proved as a separate fact; but where one of the parties to an action insists upon the right to have his case tried in the ordinary way by a jury, the trial court should not refuse such a trial and insist upon sending the case to a referee, unless it clearly appears that, because of the nature

of the proof required to sustain the plaintiff's cause of action, such a trial is impracticable. If, upon the submission of that question to the trial court, that court determines that a trial by jury is not impracticable, we would not be justified in reversing its decision, except in a plain case where we can see that a trial before a jury would require the submission to the jury of questions which it would be impracticable for them to determine. Irrespective of the power of the court to grant the application made, there is not presented in this case such a condition as would justify us in saying that it appears that any difficulty will be presented in trying the questions before a jury.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and MCLAUGHLIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements