### KELLY v. OKSALL.

The determination of the amount of assessment to which a member of a mutual hail insurance association is liable, which requires merely an inspection of the by-laws and books of the association, does not require examination of a long account, within Laws 1891, p. 231, c. 100, § 2, providing for a compulsory reference when the trial of an issue of fact requires the examination of a long account.

(Opinion filed July 1, 1903.)

Appeal from circuit court, Roberts county; Hon. A. W. CAMPBELL, Judge.

Action by Morris H. Kelly, as receiver of the Farmers' Mutual Hail & Cyclone Association, against C. Oksall. From an order of reference, defendant appeals. Reversed.

*Howard Babcock* and *Batterton & Humphrey*, for appellant.
*Chas. N. Harris* and *E. T. Taubman*, for respondent.

FULLER, J. This is an appeal from a compulsory order by which an action at law, to recover upon contract an alleged assessment for loss occasioned by hail, was sent to a referee for trial and determination of all issues of law and fact. A

reference without the consent of parties is authorized by section 2, c, 100, p. 231, Laws 1891, in the following cases: "(1) When the trial of an issue of fact requires the examination of a long account on either side: in which case the referee may be directed to hear and decide the whole issue, or report upon any specific question of fact involved therein. (2) When the taking of an account is necessary for the information of the court before judgment, or for carrying a judgment or order into effect. (3) When it is necessary for the information of the court in a special proceeding." Respondent instituted the action as receiver of the Farmers' Mutual Hail & Cyclone Insurance Association; and appellant, while admitting an attempted incorporation under chapter 71, p. 201, of the Laws of 1897, denies its authority to transact business in this state. According to the contract of insurance, made a part of the complaint, all assessments must be just and equitable, and never "exceed 5 per cent. or ten dollars per annum, to be governed by the articles of incorporation and by-laws of the association." Paragraphs 6, 7, and 8 of the complaint are as follows: "That the directors of said association met at the office of said association, in the city of Watertown, South Dakota, on the 5th day of September, A. D. 1899, to ascertain the amount of losses by risks and other liabilities of said association for the year 1899, and did settle and determine the sum to be paid by the several members of said association as their respective portions of such losses and liabilities, in proportion to the amount of his or their insurance, as carried by said association, and as set forth in the contract made and delivered to said association by said defendant, agreeably to the charter and by laws of said association, and did then assess the sum so settled and determined

upon to be paid by the several members of said association liable to be assessed therefor, for the purpose of paying the losses by risk and other liabilities of said association for the year 1899. And that the said directors of said association, previous to the 1st day of October, 1899, caused notice to be served on each person assessed, of the amount so settled, determined, and assessed to be paid by him on his contract, to cover losses by risk and other liabilities of said association for the year 1899, by depositing such notice in the post office at Watertown, South Dakota, directed to each person assessed, at his place of residence, as far as such place of residence could be ascertained from the books of said association, requiring said assessment to be paid at once. That the said defendant's contract aforesaid was assessed for the purpose aforesaid to the amount of $10, and said assessment was made for losses or damages by risks on crops insured by said association and expenses accrued to said association only while said contract and policy of insurance therein mentioned were in full force and effect."

The defendant denies that, for the reasons mentioned in the complaint, an assessment of 5 per cent., or any other amount, was levied against the members of the corporation, or persons alleged to be insured thereby, or that the sum of $10, or any other amount, was lawfully assessed against appellant. "The defendant further alleges that the losses to crops claimed by plaintiff to have been by it insured during the year 1899, and its expenses for said year, did not amount to any sum or amount greater than one per cent. for the entire amount claimed to have been insured, and alleges that said pretended levy claimed to have been made by plaintiff as alleged in the com-

plaint was and is fraudulent, unnecessary, unauthorized, and void, and made with the intent to defraud the alleged members of said association, and to enable the officers and directors of said plaintiff to defraud them of the amount of money that might be collected under said alleged assessment, and to secure and unlawfully convert the same to their own use. * * * That by reason of the aforesaid facts the assessment so levied against the defendant, and all of the assessments levied against the said other policy holders, was and is unjust, illegal, and void That in furtherance of said unlawful conspiracy, and during the year 1898, and by means of like false and fraudulent representations made to other persons, they and their confederates (being the conspirators aforesaid) induced several thousand persons in the state to become members of said corporation, who thereby agreed to pay their proper proportion of all just losses and reasonable expenses of said corporation, and issued to them policies aggregating, in the amount of indemnity thereby provided for, the sum of $723,623. That during said year 1899 the total losses upon crops so covered by said policies amounted to $22,617.80. That on or about October 1, 1899, the persons aforesaid, and their confederates, being the conspirators first referred to, as the officers, directors, and managers of plaintiff corporation aforesaid, levied an assess. ment of $36,163.15 against the policy holders and members of plaintiff association. That said levy was excessive fraudulent, unjust, and illegal. That for said year 1899 the plaintiff corporation so in control of said persons, and their confederates, received from its policy holders the aggregate sum of $11,446.69, and has paid no losses to said policy holders, and that, in con· summation of such unlawful conspiracy and combination so

made and entered into by said persons and their confederates, the sum of $10,775 of said sum so received from policy holders was fraudulently and unlawfully taken, received, and converted to their own use by said persons and their confederates so in control of and holding officers and management of plaintiff corporation, under the guise of defraying the just and reasonable expenses for the management of the affairs of such corporation for said year." The answer is voluminous, and alleges many specific acts of fraud in the inception and management of the association, together with a demand for judgment in the sum of $90, in the nature of a counterclaim arising from the nonpayment of an adjusted loss sustained under his policy during the year 1898. Appellant's liability for an assessment levied in a certain amount, and based upon a contract of insurance, is the ultimate question to be determined from a trial of the is-sues presented by the pleadings before the court when the order was made. While appellant's claim of $90 was liquidated by the adjustment of his loss in 1898, his allegations of fraud, and the right of respondent to levy an assessment in the sum sought to be recovered, may require careful inspection of the by-laws and books of the company, but the necessity of examining a long account on either side is not apparent. Clearly, the relation of the parties involves no extensive series of transactions or mutual demands in the nature of debits and credits. In fact, the issues raised do not require the examination of a long account, as that expression is used by the Legislature and construed by this court, and there is no inherent authority to send an action at law to a referee over the objection of either party. Betcher v. Grant County, 9 S D. 82, 68 N. W. 163.

As the action of the trial court is not within the legislative

enactment, nor entitled to legal sanction, merely because it would take a day to try the case to a jury, it is needless to determine the constitutional question urged by counsel.

The order appealed from is reversed.