## EWART *et al* v. KASS.

In an action to recover money loaned and advanced to defendant, and for labor and services performed, defendant filed an answer denying each and every allegation of the complaint, and, by way of defense and coun-

ter claim, set up that he delivered to plaintiffs 257 head of cattle, to be delivered by them in London and there sold by them, at a cost of $10 each; that plaintiffs, in violation of the agreement, delivered 182 head in Liverpool, charging him $22.75 per head; that $2,320.50 was due from plaintiffs to defendant. The answer contained a number of similar counterclaims for breaches of contract by plaintiffs, and demanded judgment for $9,974.71, including $5,000 for the wrongful issuance of an attachment. Held, error to order a reference, the pleadings not showing that the examination of a long account was necessary.

(Opinion filed July 1, 1903.)

Appeal from Circuit Court, Beadle County, Hon. J. H. McCoy, Judge.

Action by Robert Ewart and others, as partners (Ewart Bros. & Baker), against N. J. Kass. From an order referring the case to a referee, defendant appeals. Reversed.

*A. W. Wilmarth,* for appellant.

*H. S. Mouser* and *T. H. Null,* for respondents.

CORSON, J. This is an appeal from an order of the circuit court referring a case to a referee. The action was instituted by the plaintiffs to recover of the defendant the sum of $4,050, for money alleged to have been loaned and advanced to the defendant, and for labor and services performed by the plaintiffs for the defendant. Defendant, in his answer, denied each and every allegation in the complaint, and for further defense and by way of counter claim, he alleged that he delivered to the plaintiffs, in Chicago, at their special instance and request, 257 head of cattle, to be delivered by them in London, England, and there sold for him, at a cost of $10 each; that the plaintiffs, in violation of their agreement, delivered 182 head of the said cattle in Liverpool, for which they charged and have retained from the defendant the sum of $4,140.50, expenses

from Chicago, Ill., to Liverpool, or the sum of $22.75 each, and that the plaintiffs charged and have retained from the defendant the sum of $2,320.50 in excess of their agreement, no part of which has been paid, and the sum of $2,320.50 is now due and owing from the plaintiffs. The answer contains a number of similar counterclaims for breaches of contract on the part of the plaintiffs, and demands a judgment against them for the sum of $9,974.71, including $5,000 damages for the alleged unlawful and wrongful issuing of the attachment in this action. When the case was called for trial at the March, A. D. 1902, term of the court, the plaintiffs made application for a reference of all of the issues to a referee; the application being resisted by the defendant. The court granted the order, and in it recites that, ''Upon examination of the pleadings and issues, finds that the trial of the issues of fact in this case will require the examination of long and numerous transactions between the plaintiffs and the defendant, and that it is a proper case for reference.''

The defendant excepted to the order and contends (1) that the statute of this state authorizing a compulsory reference by the court of an action is in violation of section 6, art. 6, of the state Constitution, which reads as follows: ''The right of trial by jury shall remain inviolate and shall extend to all cases at law without regard to the amount in controversy; * * *'' (2) and that, assuming that the statute is constitutional, it was error for the court in this case to make the order for the reference, as the pleadings do not show, and the court does not find, that the examination of a long account will be necessary in this case.

We are of the opinion that the defendant is right in his

contention upon the second ground stated and hence we do not deem it necessary in this case to pass upon the constitutional question presented. It will be noticed that the action is to recover from the defendant a sum of money alleged to have been paid out for and loaned to the defendant, and for labor and services performed for the defendant, by the plaintiffs. The answer, it will be seen, denies the allegations of the complaint, and sets up various breaches of the contract entered into between the plaintiffs and the defendant, resulting in damage to him. It is difficult to perceive, under the pleading, in what respect the examination of a long account would be necessary, and it will be observed that the court does not find that the examination of a long account will be necessary. This court, in the case of Betcher v. Grant Co., 9, S. D. 82, 68 N. W. 163, defined the term "account," as mentioned in the statute; as an account in the ordinary acceptation of that term; that is, charges and credits between the parties. Silmser v. Redfield, 19 Wend. 21. In Camp v. Ingersoll, 86 N. Y. 433, the Court of Appeals of New York, in speaking upon the subject, says; "It is not so easy to say that it will require the examination of a long account, as that phrase is to be interpreted in view of previous decisions. In Van Rensselaer v. Jewett, 6 Hill, 373 41 Am. Dec. 750, it is said that the case can not be referred, though there may be many items of damage, unless there is an account between the parties, in the ordinary acceptation of the term. And what is that acceptation is shown by Thomas v, Reab, 6 Wend. 503, where the contention for the order was based upon the conceded fact that the trial would require the examination of a variety of items. The contention was not sustained, because, though there were

sundry items of damage, they did not form an account existing between the parties. Though the examination of numerous items of damage may be involved, they do not constitute an account, technically or properly speaking, between the parties." The views expressed by the court in that opinion were subsequently affirmed in the case of Untermyer v. Beihauer, 105, N. Y. 521, 11 N. E. 847, in which the court uses the following language: "It has repeatedly been held that where there is no account between the parties, in the ordinary acceptation of the term, the cause cannot be referred, although there may be many items of damage. Camp v. Ingersoll, 86 N. Y. 433. This rule has been applied in actions on policies of insurance, where there are many items of loss. It is contended that the counterclaim set up in the answer, of which a bill of particulars was also ordered and furnished, will require the examination of a long account. Even if this should be assumed, it would not make the action referable." Steck v. C. F. & I. Co., 142 N. Y. 236, 37 N. E. 1, 25, L. R. A. 67; Morris H. Kelly v. C. Oksall 17 S. D. 185; 95 N. W. 913. There is certainly nothing in the pleadings in this case that would indicate that the examination of a long account would be necessary. It is quite clear that, to entitle a party to compulsory reference, the taking of such an account is necessary. There was no evidence before the court when the order of reference was made that the statutory conditions existed upon which a statutory reference could be ordered. It must affirmatively appear from the pleadings that an examination of a long account would be necessary,

It is contended by the respondents that this action may be regarded in the nature of an equitable action, but, in our opinion, the contention is not tenable.

The order of the circuit court is reversed.