## KELLY v. OKSALL.

1.  A motion to modify a judgment of the Supreme Court cannot be regularly heard except on an order to show cause.

2.  Plaintiff commenced 25 cases against as many defendants. Each defendant appealed from an order sending the issues to a referee. The Supreme Court reversed the order. Held, that each appellant was entitled to his statutory costs.

3.  Though, under Rev. Code Civ. Proc. 1903, § 416, providing that any person aggrieved by the taxation of costs may appeal therefrom to the court, the question of proper taxation by the clerk of the Supreme Court shoud be raised by an appeal therefrom, yet the Supreme Court will correct errors of the clerk, regardless of the manner in which they are presented for review.

4.  A party entitled to disbursements in the Supreme Court for printing an abstract and brief in the case is only entitled to what he actually and necessarily disbursed.

(Opinion filed November 11, 1903.)

On motion to modify judgment by striking therefrom allowances of costs and disbursments as taxed by the clerk. Modified.

For former opinion see 17 S. D. 185, 95 N. W. 913.

*Howard Babcock, Batterton & Humphrey* and *Horner & Stewart* for appellant.

*Chas. N. Harris* and *E. T. Taubman,* for respondent.

HANEY, P. J. This is one of twenty-five cases commenced by the same plaintiff against as many different defendants, in each of which the order of the circuit court sending all the issues to a referee for trial without the consent and against the objection of the defendant was reversed in this court, and the appellant recovered the usual judgment for costs and disburse

ments to be taxed by the clerk. Kelley v. Oksall 17 S. D. 185 95 N. W. 913. Notwithstanding all the appellants were represented by the same counsel, and the decision of one case was necessarily decisive of all, no agreement was made that all the cases should abide the result in one of them. An appeal was taken in each, and an abstract and brief was printed, filed, and served in each by the appellants. The clerk having taxed costs and disbursements in each case without reference to the peculiar relation of the several appeals, respondent, without appealing from such taxation, noticed a motion for hearing October 1, 1903, to have the judgments rendered by this court modified by striking therefrom the allowance of all costs and disbursements.

Considered merely as a motion to modify the judgments of this court, respondent's application cannot be granted. An order to show cause should have been obtained, as motions cannot be otherwise regularly heard except on the motion day of the proper circuit. Moreover, in the absence of any agreement or order of this court, each appellant was compelled, in order to preserve his rights, to take the same steps he would have been compelled to take if his case had been the only one referred by the trial court. It is, indeed, unfortunate that counsel did not agree to let all of these cases abide the result in one of them, and thus avoid the incurring of costs and disbursements to the amount of about $2,000 in excess of what would have been incurred in one case, but they did not make such an agreement, and it is wholly immaterial who was to blame for the failure to do so. None having been made, each appellant is clearly entitled to recover his statutory costs. If respondent had prevailed in this court, he would doubtless have in-

sisted upon a judgment for costs and disbursements in each of the cases. In any event, he would clearly have been entitled to such relief. When it appeared that no agreement could be made, the counsel of either party, if they desired to avoid the situation now existing, should have obtained an order of this court providing for a stay of proceedings in all of the appeals except one, or an order providing that the decision in one should govern in all. This was not done, and the motion to modify the judgments rendered by this court must be denied.

Whether proper items and amounts of costs and disbursements have been taxed by the clerk should be raised by an appeal from his taxation. Rev. Code Civ. Proc. 1903, § 416. However, though no such appeal was taken in these cases this court has inherent power to review the official acts of its clerk whenever attention is called to them by parties interested therein, and it is the duty of the court to correct errors of the clerk, regardless of the manner in which they are presented for review. Dalbkermeyer v. Scholtes, 3 S. D. 183, 52 N. W. 871. We therefore proceed to consider the items allowed by the clerk. As heretofore suggested, the items of statutory cost were properly allowed, but as to the disbursements for printing abstracts and briefs a more difficult question is presented. Each of the appellants is entitled to the amount actually and necessarily incurred for printing. As we have stated, an abstract and brief was, in the absence of any agreement or order, necessary in each of these cases. It was proper for the appellants to have an abstract and brief in each case, but no more can be allowed for either than was actually and necessarily incurred for printing the same. A party entitled to disbursements in this court should only be allowed what he actu-

ally and necessarily disburses. He can neither require the opposite party to pay more than he pays nor more than the work is reasonably worth. It has been the custom of the clerk to regard $1 per printed page as a reasonable price for printing abstracts and briefs, but, should it appear that the prevailing party had obtained his printing at a lower rate, it would be the duty of the clerk to allow only so much as was actually paid or contracted to be paid, and not to allow more than the printing is reasonably worth, regardless of what was paid or contracted to be paid for it. In this case there is a direct conflict between the affidavits of certain printers presented by the respondent and those of other printers presented by the appellants as to what the printing in these cases is reasonably worth. The briefs of appellant in all of the cases, with the exception of the cover and first page, are precisely the same. After the brief in one case was printed, the only change required in printing the 240 copies in the other 24 cases was in the name of the defendant on the cover and first page. Assuming that $1 per page was reasonable for printing the 10 copies required in the first case, which, with the cover, would amount to $13, it certainly cannot be seriously contended that it was reasonably worth $312 to change the name of the defendant and print the 10 copies required in the other 24 cases. We think appellant, in this the first case, should be allowed $13 for printing his brief, and the appellant in each of the other 24 cases should be allowed $2 for the change of name, material, and presswork required in printing such briefs. This allows $48 for the presswork and material required to print what in effect was merely 240 additional copies of the first brief. We apprehend no printer would regard this amount as unreasonably small for the work actually done.

An examination of the abstracts shows that, while the complaints appear to be substantially the same, the answers are not, and we conclude that each abstract should be considered as standing alone for the purpose of determining what shall be allowed for printing it. And, without reviewing in detail the affidavits touching the reasonableness of the amount paid or contracted to be paid by the appellants, we are inclined to conclude that the customary charge, namely, $1 for each printed page, including the cover, should be allowed in each case. The clerk is directed to carefully re-examine the abstracts and briefs on file, and to allow for each as indicated herein; his taxation in all other respects being affirmed.