JOHN A. BENSON et al., Appellees, v. CHARLES WEITZ' SONS et al., Appellants.

No. 40421.

490

JUNE 23, 1930.

REHEARING DENIED DECEMBER 13, 1930.

*O. M. Brockett*, for appellants.

*Stewart & Hextell*, for appellees.

EVANS, J.—The appellants complain of several rulings of the district court, some of which are not appealable. We shall confine our consideration of the appeal to one ground of complaint.  The plaintiff brought his action at law against the defendants upon an alleged oral contract, whereby, in consideration of services rendered by him, the defendants agreed to pay him the sum of $25,000, of which sum $10,000 was paid. He prayed for judgment for the balance, $15,000. The case has to do with the war enterprise of building Camp Dodge, in the vicinity of Des Moines, and is related to other cases of similar kind that have been before us on former appeals. See *Tusant & Son Co. v. Chas. Weitz Sons*, 195 Iowa 1386. The petition contained the following statement:

"Fred W. Weitz then and there stated that, subject to the approval of the members of the advisory board, which included the plaintiff John A. Benson, he would take $175,000 and divide it into seven parts, and give one part to the plaintiff John A. Benson, one part to John C. Mardis, and one part to J. E. Lovejoy,—to which the members of the advisory board assented, including the plaintiff,—which sum amounted to $25,000; and that the defendant Charles Weitz' Sons shortly thereafter paid to the plaintiff the sum of $10,000, leaving a balance due and unpaid of the sum of $15,000."

In due course, the case was heard before a jury. At the close of the evidence, the defendants moved for a directed verdict. The motion being submitted, the court advised counsel for plaintiff that, in his opinion, the motion was good, unless the plaintiff saw fit to amend his pleading and convert the same into a petition in equity, which should charge the defendants as trustees of a fund, and that the plaintiff owned an interest or an aliquot part in such fund. The language of the court on that occasion is set forth in part in appellees' amended abstract, as follows:

"Third: Did Benson and Charles Weitz & Sons in truth and in fact have a contract for services, as set forth in plaintiff's petition? Now, gentlemen, upon that question, here are my thoughts. I don't believe that the evidence in this case would justify me in submitting to the jury the contract as pled by the plaintiff. In fact, I think the evidence all tends to show that Benson was to get one seventh—if there was any contract, he was to get one seventh of the profits, and not $25,000 flat, and that $10,000 was paid as a payment on what those anticipated profits were."

The plaintiff declared his purpose to amend, and to conform to the suggestions of the court; and the jury was thereupon dismissed. On the following day, the plaintiff amended his petition by adding certain allegations thereto and by withdrawing none. The added allegations charged the defendant as the trustee of the fund in which the plaintiff was alleged to be the owner of an aliquot part. He added to his previous prayer for relief the following alternative: "Or that the defendants be required

to account to plaintiff and to pay to him one sixth of said fund,''
etc.

To this amended petition the defendant filed an answer
setting up many defenses, only one of which we deem material
for our present consideration. This was that it denied the trus-
teeship, and denied that it sustained any relation to the plain-
tiff which imposed upon it a duty of accounting, and it denied
the alleged oral agreement.

Upon this state of the pleadings, the court, upon its own
motion, appointed a referee, and ordered that such referee take
an accounting from the defendant. The defendant moved
promptly to set aside the order as being premature, and asked
that the issue upon its plea in bar of an accounting be first de-
termined. The court, after first setting aside the order, finally
adhered thereto, and refused the contention of the defendant.
It is this feature of the record to which we direct our particu-
lar attention. It was the view of the court, and is now the con-
tention of the plaintiff, that, inasmuch as the plaintiff asked for
an accounting, the court thereby became empowered, under Sec-
tion 11521, Code, 1927, to appoint a referee to take the account-
ing and to hear and to report upon every issue in the case. We
have held that this section can be deemed applicable only to
equity suits and to such as were *formerly* cognizable in equity.
*McMartin v. Bingham,* 27 Iowa 234; *Tufts v. Norris,* 115 Iowa
250; *Mayo v. Halley,* 124 Iowa 675. And it is to be conceded
that a suit for an accounting was *formerly* cognizable in equity.

It is, however, a well settled rule, quite universally recog-
nized, that a defendant who is sued for an accounting may plead
in bar of the accounting. That is to say, he may deny that he is
under duty to account. He may deny the existence of the rela-
tion upon which the demand for an accounting is predicated.
It is also well settled that, where he does so plead, he cannot be
required to account until the issue tendered by his plea in bar
is adjudicated against him. In such a case, it is not the privilege
of a plaintiff to demand the accounting provisionally, and to
defer the issue of duty to account.

This rule is as old as the jurisdiction of equity in account-
ing cases. The authorities are collated in the encyclopedias of
law, and we need do no more here than to set forth a few ex-

cerpts from these, in order to demonstrate the nature and scope of the rule, as follows:

1 Corpus Juris 610: *"The Two Judgments.* In an action of account there are two judgments: (1) Upon the preliminary trial of the right to the accounting, that defendant do account (*quod computet*); and (2) final judgment upon the report of the auditors for the balance found due.''

1 Corpus Juris 611: ''The interlocutory judgment to account determines nothing beyond the liability of defendant to account; but it does determine that defendant is liable to account, leaving such matters as are proper for consideration upon the taking of the account to the auditors before whom the parties are sent. Therefore, unless otherwise provided by statute, the adjudication of this liability is conclusive upon the parties in the further progress of the cause; all questions upon which the liability to account might have been contested must have been raised before the account was sent to the auditors; and nothing can be pleaded before the auditors which might have been pleaded in bar of the action. Thus, that defendant had fully accounted is a plea in bar, and cannot be interposed before the auditors, although defendant may prove payment on the account, when the matter is before the auditors, without pleading it in bar.''

1 Corpus Juris 608: ''The declaration in the action of account is in form somewhat like a bill in equity for an accounting; but, unlike such bill, it does not ask that an account be taken, but concludes as all declarations at law, demanding damages. It should set forth enough to show that plaintiff is entitled to *both the judgments* which are incident to such an action: namely, judgment that defendant do account, and judgment, after the account, for the balance found due * * *.''

1 Corpus Juris 643, 644: ''As defendant is not obliged to account until plaintiff's right to an accounting is determined, after disposing of all matters in bar of the accounting, the practice is then to enter a preliminary decree directing defendant to account. Where the bill is taken *pro confesso,* complainant is not entitled to a decree for any particular amount claimed, but only to a decree directing the account to be taken.''

1 Corpus Juris 647: ''For the purpose of appeal, decrees

in which an accounting is directed are, as a general rule, deemed interlocutory. The rule is not affected by the fact that the decree grants other relief, such as an injunction, or the payment of moneys or property into court for preservation, or the setting aside of conveyances. In some jurisdictions, the decree is regarded as interlocutory even where it settles the principles upon which the account should be taken and the equities of the case; but in other jurisdictions, the rule prevails that, where the decree settles all the equities between the parties and directs an account to be stated in accordance therewith, it is final and appealable. A decree may be deemed final for the purpose of appeal, although part of the bill is retained for further relief by way of an accounting. So, also, a decree sustaining or overruling a plea in bar to particular matters of account is appealable. And where the decree to account is incidental to a final decree granting other and main relief, defendant may appeal from the whole decree.''

1 Encyc. of Pleading & Practice 102: ''It is the correct practice in suits for an accounting to dispose of all matters in bar of an accounting before the account is stated or a reference ordered.''

By reference to the text, it will be seen that scores of authorities are cited in support of the foregoing proposition. Nor do we find citation of authority to the contrary. We have ourselves taken the rule for granted, without discussion thereof, in two or three of our cases: *Oskaloosa Sav. Bank v. Mahaska County State Bank,* 205 Iowa 1351; *Brown v. Conway,* 201 Iowa 117.

In the case at bar, the effect of the court's peremptory order of reference was to deprive the defendants wholly of an opportunity to first try the issue of plaintiff's right to an accounting. Such peremptory order assumed that the plaintiff had such right, as a matter of course. This was an erroneous view. It was the duty of the court to hear and determine that issue before ordering a reference for an accounting. In this case, this issue presents the gist of the controversy between the parties.

It is urged by the appellees that the order complained of is not appealable. The defendants were entitled to an adjudication of the issue. Under the authorities, such adjudication would

 be final on that issue, though it might also be regarded as interlocutory, in case the issue was determined against the defendants. If determined in favor of the defendants, it would become final in every sense. By the order complained of, the court prevented any adjudication of this issue from which an appeal could have been taken. An adjudication sustaining the plea in bar would clearly be appealable. It would seem to follow necessarily that the contrary adjudication would be likewise appealable. We so held in an analogous case, *McMurray v. Day,* 70 Iowa 671. We think that the order was appealable as one preventing a judgment from which either party could have appealed.

The order of the trial court appointing a referee and setting the case down for an accounting before him is reversed, and the cause remanded.—*Reversed.*

All the justices concur.