AUGUSTUS THIBAUDEAU, Respondent, *v.* CITY OF NIAGARA FALLS, Appellant.

Fourth Department, January 10, 1934.

*George E. Carrie, Corporation Counsel,* for the appellant.

*Ward, Flynn, Spring & Tillou* [*Harold J. Tillou* and *Augustus Thibaudeau* of counsel], for the respondent.

THOMPSON, J. Plaintiff, an attorney, has sued defendant, a municipality, for the value of services performed and disbursements incurred in condemnation proceedings to acquire lands for a public park. The complaint is on *quantum meruit;* the answer pleads a general ·denial and *ultra vires.* On motion by plaintiff, and over defendant's opposition, the Special Term has made an order referring the trial of the action, upon the ground that it will involve the examination of a long account. (Civ. Prac. Act, § 466.) Before making this motion, plaintiff had successfully moved for a change of the place of trial of the action, upon the ground that a fair trial could not be had before a jury in the county in which the action was then pending. Here we have the appeal from the compulsory order of reference.

The first cause of action alleged in the complaint seeks a recovery for services performed " reasonably worth the sum of $138,221.99," and the second is for $786.13, disbursements. The complaint also alleges the filing of an itemized claim, giving dates upon which services were performed, the nature of the services and the charge per day, plus enhanced values claimed for certain of it because of advantageous result, with the auditor of defendant, as required by its charter, and it sets forth a copy of it.

In order that the court should have authority to refer the action, it became incumbent on defendant to cause it to appear with reasonable probability that the trial would involve the examination of a long account. He must make out " a reasonable likelihood that the jury will find it necessary to discriminate one item from another and form a judgment as to each." (*Brooklyn Public Library* v. *City of New York,* 240 N. Y. 465, 469.) These requirements are to be enforced with special strictness where attorneys are movants and the issues involve claims for professional services. (*Russell* v. *McDonald,* 125 App. Div. 844.)

The fact that plaintiff reduced his demand against the city to the form of a claim, consisting of various items, in accordance with the statute, which makes the filing of such claim a prerequisite to the beginning of an action, does not establish either that the action was brought on a long account or that the examination of a long account is involved. (*Randall* v. *Sherman,* 131 N. Y. 669.) The services were rendered upon one retainer, and although they are capable of minute itemization, that fact does not bring the case into the class which becomes referable because they require the examination of a long account. (*Prentice* v. *Huff,* 98 App. Div. 111.) The cause of action is single and the contract is entire. The immediate object of it is not a long account, nor is one directly involved. The court may not deprive a litigant of the constitutional

right to trial by jury in such cases. (*Steck* v. *C. F. & I. Co.*, 142 N. Y. 236; *Spence* v. *Simis*, 137 id. 616, 617; *Doyle* v. *M. E. R. Co.*, 136 id. 505, 507.)

In *Pace* v. *Amend* (164 App. Div. 206) the court reversed a compulsory order of reference, made on plaintiff's motion, in an action brought by a firm of attorneys to recover $100,000 on *quantum meruit* for professional services rendered. The plaintiffs furnished a bill of particulars and sought to sustain the order of reference on the ground that all the items of service mentioned and their value were controverted. In the course of its opinion the court said that it would not be necessary to determine separately the value of the various items of service performed. " The questions to be litigated will be whether the plaintiffs were employed and the value of the services rendered, to be determined as a single charge, or by ascertaining the value of the services relating to particular matters in the course of the employment. * * * The fact that it will become necessary to consider various items of services in determining the value of all the services rendered * * * does not involve the examination of a long account."

In *Smith* v. *London Assurance Corp.* (114 App. Div. 868), which was an appeal from an order of compulsory reference granted on defendant's motion, the complaint was on *quantum meruit* for services rendered as auditors and accountants in examining books and accounts, reporting thereon and making recommendations, covering a period of five years, and for disbursements. The answer set up a counterclaim for moneys embezzled by a servant of defendant, charged to have been due to the negligence, carelessness and want of skill of the plaintiffs. Plaintiffs furnished defendant a statement itemized by days. Defendant claimed that the examination of a long account was involved, *first*, to ascertain the services rendered by plaintiffs, and *second*, to ascertain the defalcations of defendant's servant which were claimed to cover a period of several years. Upon the second claim the court held that the account was only incidentally or collaterally involved. (*Loverin* v. *Lenox Corporation*, 35 App. Div. 264. See, also, *Doyle* v. *M. E. R. Co.*, *supra*.) In reference to the first claim, it held that the two issues " seriously to be litigated " were the value of the plaintiffs' services and the question of their carelessness or want of skill. In reaching its conclusion to reverse the order of the Special Term, the court made use of language quite pertinent to the case at hand, as follows: " The mere fact that the statement of the time spent by the plaintiffs, when itemized by days, is long, does not make it a long account within the meaning of the statute. It is manifest that these items can be so grouped on the trial that a jury will have no unusual

burden. * * * The fact that they [the services] extended over a period of years and were performed on many different days does not necessitate the examination of a long account within the meaning of the statute."

It does not appear that any of the items of plaintiff's claim are in dispute. Under the complaint, which determines whether an action is referable, without consent of both parties (*Steck* v. *C. F. & I. Co.*, *supra*), the litigated questions will be the work done, its value and the disbursements incurred, or as plaintiff states in his affidavit in support of the motion, " the sole issue in the case is the fair and reasonable value of the plaintiff's services and disbursements." In such circumstances it is difficult to conceive that occasion will arise for contention upon any of the items of plaintiff's claim.

We hold that plaintiff has failed to sustain the burden of establishing that there is reasonable probability that the examination of a long account will be involved in the trial of this case.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Order of reference reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.