ADA RHOADES et al., Appellees, v. E. K. ALLYN et al., Appellants.

No. 42983.

OCTOBER 23, 1935.

Beard & Beard, for appellants.

Frank F. Wilson, for appellees.

ALBERT, J.—On the 1st day of May, 1933, the defendants executed to the plaintiffs a note for $3,000, and secured the same with a mortgage on one acre of land in the southwest corner of the southeast quarter of the northeast quarter of section 1, township 68 north, range 30, west of the Fifth P. M., Iowa, which mortgage was duly recorded on the day of its execution. On the 16th day of October, 1934, plaintiffs filed petition herein for foreclosure of said mortgage on the ground that the mortgagors had failed to pay the interest and taxes as therein provided. On December 27, 1934, defendants filed application for continuance, under the provisions of chapter 182 of the Acts of the Forty-fifth General Assembly. On the 31st day of December, 1934, plaintiffs filed a motion in which they stated that they asked the court to set this matter down for hearing and requested the court to determine the fair rental terms of the property, to be paid by the defendants, who are in possession, and to provide for the application and distribution of rents, income, and profits, and make such provision for the preservation of the property as would be just and equitable during the continuance of the cause, and to provide that the defendants shall pay the rents as determined by the court into the hands of the clerk as provided for in the aforesaid chapter 182.

The matter was thus submitted to the court, and the court granted the continuance and fixed the rental value of the property at $27.50 per month and provided for the payment of the rent into the hands of the clerk of the court in accordance with

the provisions of said chapter 182. Said continuance was granted until March 1, 1935. Exception to this ruling was taken by the defendants; hence this appeal.

The material part of chapter 182 of the Acts of the Forty-fifth General Assembly, involved herein, is as follows:

"Sec. 2. In all actions for the foreclosure of real estate mortgages or deeds of trust now pending in which decree has not been entered, and in all actions hereafter commenced for the foreclosure of real estate mortgages or deeds of trust, or on notes secured thereby, in any court of record in the state of Iowa, while this act is in effect, the court, upon application of the owner or owners of such real estate or persons liable on said mortgages or deeds of trust, or notes secured thereby, who are defendants in said cause and not in default for want of pleading. or appearance shall, unless upon hearing on said application good cause is shown to the contrary, order such cause continued until March 1, 1935, or so long as this act is in effect, providing, however, that in all causes now pending in. which default has been entered but no decree signed, said owner or owners of such real estate or persons liable on said mortgages or deeds of trust, or notes secured thereby, shall have ten days from the taking effect of this act in which to file said application for continuance, and upon such order of continuance the court shall make order or orders for possession of said real estate, giving preference to the owner or owners in possession, determine fair rental terms to be paid by the party or parties to be in possession and the application and distribution of the rents, income and profits from said real estate, and make such provision for the preservation of said property as will be just and equitable during the continuance of said cause, which order or orders shall provide that such rents, income or profits shall be paid to and distributed by the clerk of the district court of the county in which said suit is pending, and further provide that in such distribution, taxes, insurance, cost of maintenance and upkeep of said real estate shall be paid in the priority named, and any balance distributed as the court may further direct; provided, however, that the court shall, upon a substantial violation of its said order or orders, or for other good and sufficient cause, set aside said order or continuance and the cause shall proceed to trial as by law now provided, the provisions of this act to the contrary notwithstanding."

■■■ It seems to be conceded by both parties that the property described herein is the homestead of the defendants, and defendants urge that the court, after granting the continuance, had no right to provide for the payment of $27.50 per month rent by the defendants because of the fact that the property was of homestead character. If it were not for the aforesaid chapter 182 of the Acts of the Forty-fifth General Assembly, plaintiffs would have been entitled to an immediate foreclosure of said mortgage for failure to pay taxes and interest as therein provided; but the aforesaid chapter deprives the plaintiffs of the right to foreclose until the date specified, and also provides that, upon entering said order of continuance, "the court shall make order or orders for possession of said real estate, giving preference to the owner or owners in possession, determine fair rental terms to be paid by the party or parties to be in possession and the application and distribution of the rents, income and profits from said real estate, and make such provision for the preservation of said property as will be just and equitable during the continuance of said cause."

It is apparent that the purpose of the legislature was to map out a complete plan for the handling of matters of this kind, and having thus made this plan, if the defendants seek to advantage themselves of it, they must take it as a whole; they cannot segregate it into parts and take advantage of one part of the statute and ask the court to ignore another part. It is apparent from a reading of the statute that this plan provided for a continuance under certain conditions, and when those conditions exist, as the court found they did in this case, the court is given the right to grant a continuance under the terms of this section of the statute; and it is specifically provided that when the court does grant this continuance, it is then made the affirmative duty of the court to provide as to who shall have possession of the property and what rent shall be paid. The parties here seem to have agreed that the possession should be retained by the mortgagors and that they should pay $27.50 monthly rent for the same. This is in exact accord with the terms of the statute controlling in this matter. Defendants insist, however, that the fact that the property is a homestead should entitle them to avail themselves of the continuance, but that they should not be required to pay rent during its occupancy. With this we cannot agree. Under the terms of the mortgage, both of the defendants waived their

homestead rights, and while the court has always felt that homestead rights should be peculiarly favored, we do not think that that rule has any application to the situation here. In the statute under consideration, it is provided that "in all actions for the foreclosure of real estate mortgages or deeds of trust," etc., the statute is all-inclusive, and if there were any doubt about the matter, section 4 of the act under consideration provides: "All acts and parts of acts in conflict with this act are suspended while this act is in effect."

██ It is a cardinal rule of construction of statutes that effect must be given, if possible, to the whole statute and every part thereof. This has been a rule of interpretation that has been consistently followed in Iowa, as will be seen from the following cases: Benson v. Charles Weitz' Sons, 211 Iowa 489, 491, 231 N. W. 431; Crozier v. Hawkeye Stages, 209 Iowa 313, 228 N. W. 320; Drazich v. Hollowell, 207 Iowa 427, 223 N. W. 253; State v. Birdsall, 186 Iowa 129, 169 N. W. 453; Rohlf v. Kasemeier, 140 Iowa 182, 118 N. W. 276, 23 L. R. A. (N. S.) 1284, 132 Am. St. Rep. 261, 17 Ann. Cas. 750; District Township of City of Dubuque v. City of Dubuque, 7 Iowa 262. That this is the universal rule in all courts, see 59 C. J. p. 993, section 594. Under this universal rule the defendants, as to this statute, must take it as a whole.

We think the action of the district court is in exact accord with the statute under consideration and the laws of this state, and the defendants having asked for and received the benefits of the continuance as provided therein must take the burdens that go with it. The action of the district court was right, and it is affirmed.—Affirmed.

MITCHELL, DONEGAN, ANDERSON, POWERS, RICHARDS, and HAMILTON, JJ., concur.