Michael Hemmerich and Others, Copartners, Doing Business under the Firm Name and Style of Hemmerich, Kuhs & Bender, Appellants, *v.* The City of Geneva, Respondent.

Fourth Department, May 5, 1937.

*Joseph B. Kenny*, for the appellants.

*William S. McGreevy*, for the respondent.

Lewis, J. The plaintiffs-appellants challenge the propriety of an order directing a compulsory reference under section 466 of the Civil Practice Act.

In the course of constructing a sewage disposal plant for the defendant municipality, plaintiffs claim to have encountered in the work of excavation a stratum of water-bearing sand which made it necessary to furnish sheet piling, pumps, extra labor and to do an amount of excavation in excess of contract requirements. Resisting plaintiffs' suit for an amount claimed to be due for these items and in support of the order of reference which was granted upon its motion, the defendant asserts that a trial of the issues framed by the pleadings will require the examination of a long account and accordingly that a reference was properly ordered over plaintiffs' objection.

Section 466 of the Civil Practice Act provides in part: "The court, of its own motion, or upon the application of either party, without the consent of the other, may direct a trial of the issues of fact, by a referee, where the trial will require the examination of a long account on either side and will not require the decision of difficult questions of law."

At the outset it is of interest to note that the history of this statute may be traced back to an enactment by the General Assembly of the Colony of New York in 1768. (Colonial Laws of New York [Compilation — Statutory Revision Commission], vol. IV, p. 1040, chap. 1363.) It has been continuously upon our statute books since 1788. (Laws of 1788, chap. 46.) These facts are significant to our present inquiry because it appears that at the time of these early enactments "the lawmakers were then dealing with actions brought by merchants and others upon long accounts; that it was such actions only that were intended to be provided for, and that such actions only were intended to be sent to referees for trial." (*Steck* v. *Colorado Fuel & Iron Co.*, 142 N. Y. 236, 240. See, also, *Magown* v. *Sinclair*, 5 Daly, 63; *Furman* v. *American Laundry Machinery Co.*, 142 Misc. 644; affd., 235 App. Div. 886.)

In the many cases which have since applied this statute we find the emphasis is placed upon the existence of a long account. Moreover, the courts have repeatedly ruled that sundry items of damage do not constitute an account as the term is used in the statute. A cause is not referable, without consent by all parties, unless it shall appear that a long account — in its legal sense — has existed between the parties which is directly involved and is itself the gravamen of the action. (*Camp* v. *Ingersoll*, 86 N. Y. 433, 435, 436; *Untermyer* v. *Beinhauer*, 105 id. 521, 524; *Spence* v. *Simis*, 137 id. 616, 617, 618; *Randall* v. *Sherman*, 131 id. 669, 670; *Johnson* v. *Atlantic Avenue R. R. Co.*, 139 id. 449, 451; *Allentown Rolling Mills* v. *Dwyer*, 26 App. Div. 101, 103, 104.)

The record before us does not indicate the existence of a "long account" between the plaintiffs and defendant in the legal acceptance of the term. True it is that plaintiffs' suit is to recover a sum of money, the amount of which is to be gauged by figures which may be disclosed by proof of cost data relating to various items of extra labor and materials. However, those items are comparatively few in number and, being ultimately nothing more than items of damage, they are not to be considered an account within the contemplation of the statute. "Every charge that may be dissected and distributed over a great number of items does not necessarily make a long account within the meaning of the section

of the Code controlling that subject." (*Hedges* v. *Methodist Protestant Church*, 23 App. Div. 347, 348.) " Though the examination of numerous items of damage may be involved, they do not constitute an account, technically or properly speaking, between the parties." (*Camp* v. *Ingersoll, supra*, p. 436.)

We have not overlooked defendant's assertion that the action is referable without plaintiffs' consent because in proving cost data it may become necessary to examine time sheets and various books of account kept by both parties pertaining to the contract. This court has ruled to the contrary. (*Loverin* v. *Lenox Corporation*, 35 App. Div. 263, 264. See, also, *Thayer* v. *McNaughton*, 117 N. Y. 111, 113, 114.) More recently we have said: " The fact that plaintiff reduced his demand against the city to the form of a claim, consisting of various items, in accordance with the statute, which makes the filing of such claim a prerequisite to the beginning of an action, does not establish either that the action was brought on a long account or that the examination of a long account is involved. * * * The services were rendered upon one retainer, and although they are capable of minute itemization, that fact does not bring the case into the class which becomes referable because they require the examination of a long account. (*Prentice* v. *Huff*, 98 App. Div. 111.) The cause of action is single and the contract is entire. The immediate object of it is not a long account, nor is one directly involved. The court may not deprive a litigant of the constitutional right to trial by jury in such cases." (*Thibaudeau* v. *City of Niagara Falls*, 239 App. Div. 644, 645.)

The order from which appeal is taken should be reversed on the law, with ten dollars costs and disbursements, and defendant's motion denied, with ten dollars costs.

All concur, except CUNNINGHAM, J., who dissents and votes for affirmance. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and CUNNINGHAM, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.