SMILEY et al., Respondents v. NATIONAL FIRE INSURANCE COMPANY OF HARTFORD and FINDLAY, Appellant

(100 N.W.2d 827)

(File No. 9776. Opinion filed February 2, 1960)

278

**Morrill & Morrill,** Sturgis, for Defendant and Appellant.

**H. F. Fellows,** Rapid City, **R. A. Smiley, William E. Anderson,** Belle Fourche, for Plaintiffs and Respondents.

ROBERTS, P. J. This is an appeal by permission from an order of compulsory reference.

SDC 33.1502(1) provides that the court, of its own motion, or upon application of either party, without the consent of the other, may direct a reference "when the trial of an issue of fact requires the examination of a long account on either side".

Plaintiffs brought this action to recover damages for the breach of a contract for the construction of an addition to their residence. The breach alleged in the complaint is that defendant Alex W. Findlay failed to perform the contract in accordance with its terms and specifications and that plaintiffs expended the amount specified in an exhibit attached to and made a part of the complaint for labor and materials in completing the contract. There are 76 such items totaling $7,584.72. It is further alleged that defendant National Fire Insurance Company is the surety

on the bond furnished by defendant Findlay conditioned for the performance of the contract.

Defendant Findlay by an amended answer denies the claimed breach and by way of counterclaim alleges that plaintiffs are indebted to him for extra work and materials. When the action was called for trial, plaintiffs made application for reference. The court over objection of defendant Findlay made an order referring all issue to a referee for hearing and determination.

Counsel for appellant contend that this is not an action involving the examination of a long account upon either side within the meaning of the statute and that the issues are such that in the absence of an express waiver defendant has a right to a trial by jury under Section 6, Article VI, of the Constitution of this state, which provides that the right of trial by jury shall remain inviolate.

The practice of referring actions at law involving the examination of long accounts has prevailed in some jurisdictions from an early period. The history of this statute providing for reference with or without the consent of the parties may be traced back to an enactment in the Colony of New York in 1768 of a statute authorizing such reference of an action when a trial required "the examination of a long account either on the one side or the other". Steck v. Colorado Fuel & Iron Co., 142 N.Y. 236, 37 N.E. 1, 7, 25 L.R.A. 67; Snell v. Niagara Paper Mills, 193 N.Y. 433, 86 N.E, 460. 25 L.R.A.,N.S.,264. The constitution adopted in New York provided that trial by jury was retained in all cases in which it had been theretofore used. The courts of that state held that since cases involving long accounts were referable without consent of the parties before the adoption of the constitution they continued to be so after adoption. Lee v. Tillotson, 24 Wend. 337, 35 Am.Dec. 624.

Section 2, Chapter 112, Laws of 1889, authorizing compulsory reference "when the trial of an issue of fact shall require the examination of a long account on either side" was in force prior to and at the time of the adoption of

the Constitution of this state. The act referred to repealed Section 272, Code of Civil Procedure of 1877, which authorized references, without consent, "in all cases formerly cognizable in chancery". Language similar or identical to that of the 1889 enactment has been construed in New York and elsewhere to apply to actions at law or in equity where the examination of a long account is involved. Doyle v. Metropolitan El. Ry. Co., 136 N.Y. 505, 32 N.E. 1008; Craig v. California Vineyard Co., 30 Or. 43, 46 P. 421; Smith v. Kunert, 17 N.D. 120, 115 N.W. 76; Winnebago County v. Dodge County, 125 Wis. 42, 103 N.W. 255. In other jurisdictions, however, it is held that the statutory provision, because of the right of a trial by jury, applies only to proceedings formerly cognizable in equity. Joshua Hendy Machine Works v. Pacific Cable Construction Co., 99 Cal. 421, 33 P. 1084; Benson v. Charles Weitz' Sons, 211 Iowa 489, 231 N.W. 431; Farmers' & Merchants' Nat. Bank of Lake City v. Foster, 132 S.C. 410, 129 S.E. 629; see also Annotations in 79 Am.Dec. 207; 3 L.R.A. 271; 25 L.R.A. 68; 126 A.L.R. 314. The history of the statute in this jurisdiction clearly indicates that it was not intended to have such limited application.

█ A cause is not referable under the statute, without the consent of the parties, unless it shall appear that a "long account" has existed between the parties which is directly involved. This court has ruled that the term "account" as used in the statute is an account in the ordinary acceptation of that term, that is, charges and credits between the parties. Betcher v. Grant County, 9 S.D. 82, 68 N.W. 163; Kelly v. Oksall, 17 S.D. 185, 392, 95 N.W. 913, 97 N.W. 11; Ewart v. Kass 17 S.D. 220, 95 N.W. 915; Pierson v. Minnehaha County, 28 S.D. 534, 134 N.W. 212, 218, 38 L.R.A.,N.S., 261. In the case last cited the following language from McMaster v. Booth, 4 How.Prac., N.Y., 427, was quoted with approval: "I should define an account to be a computation or statement of debts and credits arising out of personal property bought or sold, services rendered, material furnished, and the use of property hired and returned. If an account does not fall within this definition,

it is not an account within the ordinary legal acceptation of the term and cannot be referred without the consent of the parties." Though the examination of numerous items may be necessary to ascertain the amount of damage in the instant case they do not involve directly or indirectly the examination of a long account. Ewart v. Kass, supra.

■ We have considered the assertion that the cause is referable because plaintiffs have reduced their demand to the form of an itemized statement and made the same a part of their complaint. In Untermeyer v. Bernhauer, 105 N. Y. 521, 11 N.E. 847, 848, the account was to recover damages for the breach of a building contract. The court in holding that the bill of particulars furnished by the plaintiffs did not make the action a proper one for compulsory reference said: "These items of damages did not constitute an account. It has repeatedly been held that where there is no 'account' between the parties, in the ordinary acception of the term, the cause cannot be referred, although there may be many items of damage. * * * This rule has been applied in actions on policies of insurance where there are many items of loss." Substantially the same question here involved was before the court in Thibaudeau v. City of Niagara Falls, 239 App.Div. 644, 268 N.Y.S. 397, holding that the reduction by plaintiff of his demand against the defendant to the form of a claim did not establish either that the action was brought on a long account or that the examination of a long account was involved. See also Stacy v. Milwaukee, L.S. & W. Ry. Co., 72 Wis. 331, 39 N.W. 532; Hemmerich v. City of Geneva, 251 App.Div. 105, 295 N.Y.S. 660.

■ The examination of a long account is not here involved and the application for compulsory reference should have been denied. In view of this conclusion we need not consider the effect of the constitutional guaranty of trial by jury upon the right of referring a cause without the consent of the parties.

The order appealed from is reversed.

All the Judges concur.